# UNITED STATES DISTRICT COURT
### for the Eastern District of Virginia
**Norfolk Division**

| | |
|---|---|
| **United States ex rel.** Joelle Angel, | Case No.  2:23cv 37 |
| V.                          Plaintiff  (*pro se*) | 28 USC §§ 1331; 1343; 1441, 1443; |

The U.S. CONSTITUTION: (1st, 5th & 14th Amendments)

| | |
|---|---|
| Don Scott,          Don Scott Law, PLLC, | 42 U.S. Code § 1983  civil " Depriv'tn. of rights--color of law." |
| Breit Biniazan, PC, | 42 U.S. Code § 1985  civil "Conspiracy to prevent rights." |
| Mandy Owens,        Angela Sterling, | 18 U.S. Code §  241  criminal "Conspiracy against rights." |
| Fanita Pendleton,   Ethan Griffith, | 18 U.S. Code §  242  criminal "Deprivation … color of law." |
| Anthony Nicolo      Kenneth Melvin, | 31 U.S. Code  § 3729-33    **The False Claims Act** |
| Roxie Holder,       Polly Chong, | **4th Amendment  'Malicious Prosecution'** |

The Portsmouth Sheriff's Office,
The City of Portsmouth,
The Commonwealth of Virginia,

The Va. CONSTITUTION:  (Bill of Rights)

| | | |
|---|---|---|
| Va. Code | 18.2-22. | Conspiracy to commit Felony |
| Va. Code | 18.2-461: | False reports to Law Enfc'mnt. |
| Va. Code | 18.2-460: | Obstructing Justice. |
| Va. Code | 18.2-137 | Injuring, etc., any Property: |
| Va. Code | 18.2-416 | Abusive Language Pun'ment. |

Ameka Riddick & Family,    Lionel Hines,
Kim Philippi,              Chang Philippi,
Alliance Investment & Consulting, LLC,   and
Alliance Property Holdings,

Defendants
(Individually & Collectively).

Jury Trial demanded
Fed.R.Civ.P.        **19:** Required Joinder of Parties
Fed.R.Civ.P. **6, 8, 9(b)  & 10:** Rules and forms of Pleadings

## COMPLAINT
### Affidavit

**Introduction**

1. Pursuant to the recent Supreme Court decision [**Thompson v. Clark**], this maliciously prosecuted Plaintiff is asserting the most important secular claims that can be put forward by law-abiding citizens: the claim to the full measure of the right to peacefully enjoy her home and property and the inseparably connected but even more important claim to physical safety in the community, without 'political corruption:' violence, obstruction of justice, malicious prosecution, and false arrest and imprisonment by a conspiring Va. Delegate, his mentally-ill client, and corrupt State magistrates and judges. [1]

**Statement of the Case**

2. Now comes the [pro se] Plaintiff proffering her 'Qui tam' action--Complaint—pursuant to the standards set forth in Federal Rules 9 (b) and 19 (Fed.R.Civ.P.). Plaintiff requests this Court to grant relief from 'political corruption' and [state actor] defendants who intentionally conspire with a mentally-ill client, in a barrage of false claims and malicious prosecution(s):

3. For 3 years, this Plaintiff (condo-owner) has reported an abusive, threatening next-door neighbor (tenant) to the neighbor's property manager and landlords, and even sought state-court injunctions. Notwithstanding, the neighbor persists in injuring Plaintiff and abusing the justice system, with the instigating plot of her Va. Delegate ['Courts of Justice' committee] attorney. This 'political corruption' has spiraled into conspiracy of State magistrates and judges.

4. Via the following federal and state [civil and criminal] charges and claims, Plaintiff requests damages and calls for criminal investigations to stop the defendants' [r]elentless violence, obstruction of justice, malicious prosecution, and false arrests and imprisonment.

5. As victim, I plead for federal security because there is substantial evidence that Del. Don Scott has appointed 'hit men' to harm me:  • Feb. and Aug., 2022--I was assaulted and stalked by two conspiring Sheriff Deputies in the Portsmouth Judicial Center. The Portsmouth Sheriff and Circuit Court Chief Judge were briefed in a series of "Courtroom & Court Bldg. Misconduct Complaints" (with 6 "Addendums").  • Jan. 11, 2023--the Delegate's truant gangsters fired shots near my backdoor.

---

[1]  Adapted from "Brief for the Appellants," Brown v. Board of Education, U.S. Supreme Court, 1954;  Landmark Briefs and Arguments of the Supreme Court of the United States: Constitutional Law  (Charles L. Black, Jr., co-writer).

**PARTIES**

6. Plaintiff Joelle Angel has been 'owner-occupant' of condo unit, 1631 Darren Cir. / Ports., VA 23701 for 4 ½ yrs. She purchased the Charlestowne condo unit from the US Dept. of HUD on 7/10/18.

    6. a. By 10/27/21 Plaintiff had been tried and acquitted of 3 [f]alse charges (filed by Ameka Riddick).

    6. b. On 11/4/21, Plaintiff's physician diagnosed & referred her to receive behavioral health counseling, which she began on 12/3/21 for "*anxiety* and "*emotional distress due to* harassment by a next-door neighbor."

    6. c. On 5/12/22, Plaintiff's licensed counselor sent a letter to Ports. Gen. Dist. Court, confirming her "participation in outpatient therapy ... since Dec. 3, 2021."

    6. d. On 10/12/22 at age 67, Pltf. was tried and acquitted of another <u>false</u> charge (by Def. Riddick).

7. Defendant Ameka D. Riddick, age 48 (1975), is the tenant who lived next-door to Pltf. for the past 3 years. Ms. Riddick [and family] continue to conspire with instigator--Va. Delegate Don Scott--to: threaten Plaintiff's life; maliciously prosecute her; damage her property; and curse & abuse Pltf. Def. Riddick's criminal background includes Portsmouth Circuit Court:

    • 2003 charged with: Brandishing a firearm.    • 2003 charged with: Assault & Battery.

    7. a. Tenant and her family [daughter--Alexus Nashay Riddick, age 28 (1995)] and [caregiver sister—Jasmine Elizabeth Riddick, age 30 (1993)] have cussed at and threatened bodily harm to Pltf. They are co-conspirators and accomplices to Va. Delegate Don Scott's conspiracy and crimes.

    7. b. By her own admission, Ms. Riddick is mentally ill via: "*bi-polar*" and "*schizophrenic*" disorders.

    7. c. Def. Riddick recently moved away on Sept. 1, 2022, at a State Court's Order. However, the conspiring Judge permitted her <u>not</u> to disclose her forwarding address.

8. Defendant Lionel T. Hines, Sr. is the <u>acting</u> Property Manager hired by the owners of Def. Riddick's apartment to manage their Charlestowne condo rental units. Hines conspired with Va. Del. Scott and Tenant Riddick by refusing to intervene, when Plaintiff requested the property manager to speak to the menacing tenant. Legal address: 119 Kings Gate Dr., Portsmouth, VA 23701.

9. Defendant Kim Philippi (DBA Alliance Investment & Consulting, LLC) is Def. Riddick's <u>former</u> landlord of the condo unit (next door to Pltf.). As owner and registered agent, Kim Philippi conspired with Va. Del. Scott and tenant to threaten Plaintiff. After Plaintiff complained of the menacing tenant, Philippi transferred the condo unit to a relative's business trust:

    9. a. Registered Agent's legal address is a post office box (2109 Thoroughgood Rd. # 55469). However, Reg. Agent's physical address is 1408 Duck Run Ct. / Va. Beach, VA 23455.

10. Defendant Alliance Investment & Consulting, LLC is the <u>former</u> landlord of condo unit 1629 Darren Cir. Kim Philippi is the owner and registered agent.

    10. a. The business LLC is liable because owner conspired with Va. Del. Scott and tenant by refusing to intervene when Plaintiff complained about the menacing tenant, then threatened Plaintiff.

11. Defendant Chang I. Philippi (DBA Alliance Property Holdings) is the <u>current</u> landlord of condo unit 1629 Darren Cir. (next door to Pltf.). As owner and registered agent, Chang Philippi conspired with Va. Del. Scott and tenant by refusing to intervene, when Plaintiff complained about the menacing tenant.

    11 a. Registered Agent's legal address is a post office box (2109 Thoroughgood Rd. # 55469). However, Reg. Agent's physical address is 1408 Duck Run Ct. / Va. Beach, VA 23455.

12. Defendant Alliance Property Holdings is the <u>current</u> owner/ landlord of condo unit 1629 Darren Circle (next door to Plaintiff). The business LLC is liable because owner conspired with Del. Scott and tenant by refusing to intervene when Plaintiff complained about the menacing tenant (via prop. mngr.), then threatened Pltf. (via former owner & relative). Physical address: 1408 Duck Run Ct. / Va. Beach, VA 23455.

13. Defendants Don L. Scott, Jr. (VSB # 88725) & Don Scott Law, PLLC (VSB Entity Reg. # 96847)--Va. delegate, licensed atty. & Law firm(s)—instigated, conspired with, advised and represented Def. Riddick in all her malicious prosecutions against Pltf. Legal address: 355 Crawford Street (Suite 704), Portsmouth, VA 23704.
   13. b. Don Scott is a Delegate in the Virginia Assembly and the House 'Courts of Justice' committee.
   13. b. House Min. Ldr. conspired with magistrates and judges in all the malicious prosecutions against Pltf.
   13. c. Delegate Scott is an **'ex-felon'** who served 7 years in federal prison for drug-related charges.

14. Defendant Breit Biniazan, PC. (VSB Entity Reg. # 80081) is the current law firm that employs Atty. Don Scott.
   14. a. Def. Scott's latest retaliatory, conspiracy actions have been conducted through this law firm.
   14. b. Legal address of registered agent: Jeffrey A. Breit, Breit Biniazan PC., 600 22nd St. (Suite 402) Virginia Beach, VA 23451.    ..

15. Defendant Mandy L. Owens is a Va. State Magistrate. She conspired with Del. Scott and Def. Riddick to issue an illegal 'Emergency Protective Order' (EPO) against Plaintiff. Legal address: Portsmouth Magistrate's Office, 700 Port Centre Pkwy., Portsmouth, VA 23704.

16. Defendant Angela L. Sterling [w]as a Va. State Magistrate. She conspired with Del. Scott and Def. Riddick to charge Plaintiff with the false crime of "Trespassing." She has since relocated. Current legal address: Jackson Heart Clinic, 970 Lakeland Dr. (Suite 61), Jackson, MS. 39216.

17. Defendant Fanita Y. Pendleton is a Va. State Magistrate. She conspired with Del. Scott and Def. Riddick to charge Plaintiff with the false crime of "Violation of Protective Order." Legal address: Portsmouth Magistrate's Office, 700 Port Centre Pkwy., Portsmouth, VA 23704.

18. Defendant Ethan C. Griffith is a Va. State Magistrate. He conspired with Del. Scott and Def. Riddick to charge Plaintiff with the false crime of "Violation of Protective Order." Legal address: Portsmouth Magistrate's, Office, 700 Port Centre Pkwy., Portsmouth, VA 23704.

19. Defendant Anthony J. Nicolo is a Va. Substitute Judge. He conspired with Del. Scott and Def. Riddick to enter an illegal 'Permanent Protective Order' against Plaintiff. Legal address: Ferrell, Sayer & Nicolo (law firm) 355 Crawford Street (Suite 704) Portsmouth, VA 23704.

20. Defendant Kenneth R. Melvin is a Va. Circuit Court Judge. He conspired with Del. Scott and Def. Riddick to enter an illegal 'Permanent Protective Order' against Plaintiff. Legal address: Portsmouth Circuit Court, 1345 Court St., Portsmouth, VA 23704.

21. Defendant Roxie O. Holder is a Va. Gen. Dist. Court Chief Judge. She conspired with Del. Scott and Def. Riddick to deny Pltf's. constitutional right to a 'Protective Order' against Def. Riddick. Legal address: Portsmouth General District Court, 1345 Court St., Portsmouth, VA 23704.

22. Defendant Polly Chong is a Va. Substitute Judge. She conspired with Del. Scott and Def. Riddick to obstruct Plaintiff's justice, by verbal and written reprimand, in retaliation to the Prosecutor's Motion for 'Nolle Prosequi' (not to rosecute). Legal address: Polly Chong Law Office, 732-B Thimble Shoals Blvd. (# 201), Newport News, VA 23606.

23. Defendant The City of Portsmouth is vicariously liable for its Police officers (R. W. Morton & W. F. Carr) conspiring with Del. Don Scott and Def. Riddick against the Plaintiff via threats and misconduct.
   23.a. The City is State-chartered and may sue and be sued by power of the Constitution and Code of Va. Legal address: Office of the City Manager, 801 Crawford St., Portsmouth, VA 23704.

24. Defendant The Portsmouth Sheriff's Office is vicariously liable for two (2) Deputies (D.T. Edwards & A. Smith) who conspired with defendants, assaulted, and stalked Plaintiff. Legal address: Office of the Sheriff, 1345 Court St., Ports., VA 23704.

25. Defendant The Commonwealth of Virginia is vicariously liable for the criminal and tortious acts of its State officials and employees who conspired with Del. Don Scott and Def. Riddick to maliciously prosecute Plaintiff. Legal Address: Office of the Attorney General, 202 N. 9th St., Richmond, VA 23219.

**State Actors -- Defined**

26. In United States constitutional law, a 'state actor' is a person who is acting on behalf of a governmental body and is therefore subject to limitations imposed on government by the United States Constitution. The imposed limitations include the 1st, 5th, and 14th Amendments, which prohibit the federal and state governments from violating certain rights and freedoms.

27. In this action, all acts of conspiracy are attributable to the State because all defendants [c]onspired with 'state actors'-- • Va. Delegate Don Scott, • Va. Magistrates and Judges and • Law enforcement – who abused their State office by conspiring with a client/ complainant; charging Plaintiff with false crimes; and maliciously prosecuting her, in retaliation for asserting her rights. Thus, all defendants are liable as 'state actors' because they conspired with State government officials and "*acted under color of law*" to deprive Plaintiff of her Constitutional and civil rights:

**State Actors' Motive**

28. Delegate Don Scott is a member of the Va. House of Delegates' "Courts of Justice Committee." During Sept. 2017 – Sept. 2021, the criminal justice lawyer led a legal team in a sham lawsuit against the City of Portsmouth supposedly for $^$ 10,000,000. ($^$ ten million) in Ameka Riddick's 'wrongful death' lawsuit.          [*see* **Exhibit 1 (b & c)**: Va. House of Delegates' online data.]

29. Midstream, the shrewd and cunning lawyer advised his client to settle for only $^$ 500,000. ($^$ ½ million), in order to embellish his clout with the City--taking advantage of his client for personal gain. Yet his client remains naïve, loyal and very imperceptive.

30. In exchange for his client's settlement, Delegate Scott arranged for her full liberty to harass, curse and abuse, violently threaten, and maliciously prosecute a law-abiding, suspecting next-door neighbor.          [*see* **Exhibit 2**: Del. Scott's Retainer letter.]

31. Per <u>Virginia Politics</u> (subsidiary of the Washington Post), "*Don Scott spent seven (7) years in federal prison on a drug-related felony conviction.*"

32. Delegate Scott is an **'ex-felon'** and alleged to be **'Big Crime Boss'** of a multifaceted 'crime ring' who abuses his State office to justify federal funding to the City of Portsmouth, as a "*high-crime area.*" His client (Ameka Riddick) is suspected to be an active participant (in his 'prostitution ring'). Some City Council members are alleged to be co-leaders of the 'crime ring.'

**State-actor Defendants**

33. **Va. Delegate** [Courts of Justice committee] **– Don Scott** (via the 2 foresaid law firms) abused his State office by instigating and conspiring with Va. magistrates and judges to charge Plaintiff with false crimes against his client (Ameka Riddick). Then he advised and represented his client in State-court actions against Plaintiff. Consequently, Delegate Scott [c]onspired with State Magistrates, Judges, and Law enforcement to maliciously prosecute Pltf, and falsely arrest and imprison her.

34. In a series of "Courtroom & Court Building Misconduct Complaints" (including 6 "Addendums"), Plaintiff reported to Portsmouth Sheriff and Circuit Court Chief Judge that she had been stalked and assaulted by two Sheriff Deputies who conspired with Delegate Scott.
          [*see* **Exhibit 3**: [1st ] Courtroom & Court Building Misconduct Complaint.]

35. Also, **'ex-felon'** 'House Minority Leader' Delegate Scott conspired with Def. Riddick's landlords and property manager to ignore Plaintiff's pleas to stop their menacing tenant. Thus, they retaliated by verbally assaulting Plaintiff and testifying falsely in Court against her.

36. By conspiring with his client, State Magistrates, Judges, and Law enforcement, Delegate. Scott intentionally abused his office and violated Plaintiff's First Amendment constitutional rights. He also violated federal [civil and criminal] statutes: 42 U.S. Code § § 1983 & 1985 and 18 U.S. Code § § 241 & 242 "*conspiracy* and *deprivation of rights under color of law*."          4

**Va. MAGISTRATES:** **Mandy Owens, Angela Sterling, Fanita Pendleton & Ethan Griffith:**

37. knowingly conspired with Va. Delegate Don Scott and his client, complainant (Ameka Riddick) to illegally charge Pltf. with false crimes, maliciously prosecute, and deny her Constitutional rights:

**Mandy Owens:**

38. June 22, 2021--Chief Magistrate (Owens) conspired with Va. Delegate Don Scott and his client complainant (Ameka Riddick)--by illegally issuing an 'Emergency Protective Order' (EPO) against Plaintiff because Complainant alleged that Plaintiff was,

"*speaking a unknown language as if she was cursing me.*"

[inside Plaintiff's house]. Complainant further alleged the fear of having a "*curse*" put on her.

39. Per the Va. Magistrate Manual, Magistrate Owens [f]ailed to:
"*exercise due diligence; properly question the alleged victim; or reasonably consider the context of all relevant circumstances.*"

40. Had Magistrate Owens done so, she would have realized that the alleged victim actually objected to Plaintiff's First Amendment rights to "*free exercise of religion*" and "*freedom of speech*"-- Biblical PRAYER! (Mark 16:17--KJV; 1 Corinthians 14:2--NIV)          [*see* **Exhibit 4:** Em'gncy Protec. Ord.]

41. On June 25, 2021 in Portsmouth Gen. Dist. Court, Ms. Riddick filed 'Petition for Extension of Protective Order' (Prel'im. Protective Odr.), alleging the same illegal charge:
"*speaking an unknown language … as if she's cursing me.*"

42. However, in a July 9, 2021 hearing, the 'Petition' was [d]enied because Ms. Angel asserted her First Amendment, constitutional rights to "*free exercise of religion*" and "*freedom of speech.*" In so doing, the Court affirmed that the 'Emergency Protective Order' and 'Petition for Preliminary Protective Order' were violation(s) of the United States Constitution.

[*see* **Exhibit 5:** Denial of 'Prelim. Protec. Odr.']

43. Ms. Angel filed a complaint against Magistrate Owens with the Va. Dept. of Magistrate Services.
[*see* **Exhibit 6:** Pltf's. Cmplt. of Magistrate O.]

44. By conspiring with Delegate Scott and Defendant Riddick, Chief Magistrate Owens intentionally abused her discretion and violated Plaintiff's First Amendment constitutional rights.   She also violated federal [civil and criminal] statutes:  42 U.S. Code § § 1983 & 1985 and 18 U.S. Code § § 241 & 242 "*conspiracy* and *deprivation of rights under color of law*."

**Angela Sterling:**

45. July 17, 2021--Magistrate (Sterling) conspired with Va. Delegate Don Scott and his client-- complainant (Ameka Riddick)--by illegally charging Plaintiff with the crime of 'Trespassing' because Complainant alleged that Plaintiff had trespassed the front yard of her condo rental unit by,          "*… planting plants in front of my 'No Trespassing' sign.*"

46. Per the Va. Magistrate Manual, Magistrate Sterling [f]ailed to:
"*exercise due diligence; properly question the alleged victim; or reasonably consider the context of all relevant circumstances.*"

47. Had Magistrate Sterling done so, she would have realized that the alleged victim (tenant) lived in a Virginia 'condominium' of which State law clearly establishes that all exterior land is "*common elements.*" State law further declares that the [a]lleged victim (tenant) was actually violating the Va. Condominium Act by posting a 'personal sign' on the grounds of the "common elements" and specifically in [P]laintiff's front yard ("limited common elements"). The case was "*dismissed with prejudice*" based on Ms. Angel's legal explanation.   [*see* **Exhibit 7:** Warrant & Dismiss--Trespassing.]

5

48. Ms. Angel filed a complaint against Magistrate Sterling with the Va. Dept. of Magistrate Services
    [*see* **Exhibit 8:** Pltf's. Cmplt. of Magistrate S.]

49. By conspiring with Delegate Scott and Defendant Riddick, Magistrate Sterling intentionally abused her discretion and violated Plaintiff's Constitutional rights. She also violated federal [civil and criminal] statutes: 42 U.S. Code § § 1983 & 1985 and 18 U.S. Code § § 241 & 242 "*conspiracy* and *deprivation of rights under color of law*."

**Fanita Pendleton:**

50. Sept. 28, 2021--Magistrate (Pendleton) conspired with Va. Delegate Don Scott and his client complainant (Ameka Riddick)--by illegally charging Plaintiff with the crime of 'Violation of Protective Order' because Complainant alleged that Plaintiff had contacted her after being Court-ordered not to do so:

    "... *Ms. Angel falsified a warrant stating I violated my 'protection order'* ... *when I had surgery.*
    ... *I received a warrant for my arrest after I turned myself in I went home where Ms. Angel*
    *was standing in front of my door stating to me I Got you Now and starting giggling like a witch.* ..."

    Complainant did <u>not</u> present 'witness,' audio or video evidence of her allegations.

51. Per the <u>Va. Magistrate Manual</u>, Magistrate Pendleton[f]ailed to:

    "*exercise due diligence; to properly question the alleged victim; or*
    *reasonably consider the context of all relevant circumstances.*"

52. Had Magistrate Pendleton done so, she would have realized that no crime had been committed because Complainant presented no proof or evidence that the incident occurred. The case was "*dismissed with prejudice*" based on Ms. Angel's defense/ explanation.

53. By conspiring with Delegate Scott and Defendant Riddick, Magistrate Pendleton intentionally abused her discretion and violated Plaintiff's Constitutional rights. She also violated federal [civil and criminal] statutes: 42 U.S. Code § § 1983 & 1985 and 18 U.S. Code § § 241 & 242 "*conspiracy* and *deprivation of rights under color of law*."    [*see* **Ex. 9:** Warrant & Dismiss—Viol.. Protec. Or.']

**Ethan Griffith:**

54. August 23, 2022--Magistrate (Griffith) conspired with Va. Delegate Don Scott and his client--complainant (Ameka Riddick)--by illegally charging Plaintiff with the crime of 'Violation of Protective Order' because Complainant alleged that Plaintiff had contacted her after being Court-ordered not to do so:

    "*Ms. Angel* ... *mailed me a letter.* ... *Ms. Angel has violated her protection order*
    *by contacting me when She was told by the judge to have no contact with me.*"

55. Per the <u>Va. Magistrate Manual</u>, Magistrate Griffith [f]ailed to:

    "*exercise due diligence; to properly question the alleged victim; or*
    *reasonably consider the context of all relevant circumstances.*"

56. Had Magistrate Griffith done so, he would have realized that no crime had been committed because Plaintiff legally obeyed <u>Va. Supreme Court Rules</u> by mailing a copy of a filed pleading to the unrepresented party. For that reason, the Prosecutor motioned "nolle prosequi" (abandonment of suit or action). The case was dismissed.    [*see* **Exhibit 10:** Warrant & 'Nolle Pros.'—Viol.. Protec. Or.']

57. By conspiring with Delegate Scott and Defendant Riddick, Magistrate Griffith intentionally abused his discretion and violated Plaintiff's Constitutional rights. He also violated federal [civil and criminal] statutes: 42 U.S. Code § § 1983 & 1985 and 18 U.S. Code § § 241 & 242 "*conspiracy* and *deprivation of rights under color of law*."

### VA. Court JUDGES: Anthony Nicolo, Kenneth Melvin, Roxie Holder & Polly Chong:

58. knowingly conspired with Va. Delegate Don Scott and his client—complainant (Ameka Riddick)--to illegally enter 'Protective Order(s)' against Plaintiff, obstruct justice, maliciously prosecute, and deny her Constitutional rights. During the hearings, it [a]ppeared that each of the four judges were listening to Delegate Scott's instructions via an electronic listening device:

#### Va. General District Court Substitute Judge – Anthony J. Nicolo (VSB I.D. # 16723) :

59. May 25, 2022--Judge (Nicolo) conspired with Va. Delegate Don Scott and his client--complainant (Ameka Riddick)--by illegally entering a 'Permanent Protective Order' against Plaintiff, because she was recorded by Complainant's doorbell camera saying,

*"No Justice. No Peace!"*

60. Notably, Riddick's 'complaint' did not allege "violence, force, or threat." Per the Deputy Director of Legal Aid Society of Eastern Virginia.:

*"The petitioner's complaint does not meet the standards of Va. Code § 19.2-152.10 Protective Order: prohibiting acts of violence, force or threat."*

61. Although Plaintiff Angel proffered that defense and her First Amendment right to *"freedom of speech"* in a written "Motion to Dismiss" and verbally expressed it at the hearing, that:

*" 'No Justice. No Peace!' expresses my constitutional right to freedom of speech."*

Judge Nicolo harshly [d]enied Plaintiff's defense and illegally entered the maximum 2-year 'protective order' on a law-abiding-citizen, without justification of that statute.

[*see* **Exhibit 11:** Angel's Mot. to Dismiss Protec. Order]

62. By conspiring with Delegate Scott and Defendant Riddick, Judge Nicolo intentionally abused his discretion and violated Plaintiff's First Amendment constitutional rights. He also violated federal [civil and criminal] statutes: 42 U.S. Code § § 1983 & 1985 and 18 U.S. Code § § 241 & 242 *"conspiracy* and *deprivation of rights under color of law."*     (*see* "FACTS," p. 15)

[*see* **Exhibit 12:** Gen. D. Ct.--Perm. Protec. Or.]

#### Va. Circuit Court—Judge– Kenneth R. Melvin (VSB I.D. # 17157):

63. June 6, 2022--At an appeal hearing, Judge Melvin conspired with Va. Delegate Don Scott and his client--complainant (Ameka Riddick)--by illegally entering a 'Permanent Protective Order' against Plaintiff, because she was recorded by Complainant's doorbell camera saying,

*"No Justice. No Peace!"*

64. Notably, the 'complaint' did not allege "violence, force, or threat." At the appeal hearing, the Staff Attorney for Legal Aid Society of Eastern Virginia. established:

*"The petitioner's complaint does not meet the standards of Va. Code § 19.2-152.10 Protective Order: prohibiting acts of violence, force or threat."*

65. However, Judge Melvin [d]enied the Legal Aid pleading. He also denied Plaintiff Angel's First Amendment right to *"freedom of speech,"* although she had proffered it in a written "Motion to Dismiss" and verbally expressed at the appeal hearing, that:

*" 'No Justice. No Peace!' expresses my constitutional right to freedom of speech."*

Judge Melvin harshly [d]enied Plaintiff's defense and illegally entered the maximum 2-year 'protective order' on a law-abiding-citizen, without justification of that statute.

[*see* **Ex. 13:** Cir. Ct.--Perm. Protec. Or.]     (*see* "FACTS," p. 16)

66. By conspiring with Delegate Scott and Defendant Riddick, Judge Melvin intentionally abused his discretion and violated Plaintiff's First Amendment constitutional right. He also violated federal [civil and criminal] statutes: 42 U.S. Code § § 1983 & 1985 and 18 U.S. Code § § 241 & 242 *"conspiracy* and *deprivation of rights under color of law."*     7

**Va. General District Court--Chief Judge – Roxie O. Holder** (VSB I.D. # 20944)**:**

67. June 23, 2022--Chief Judge Holder conspired with Va. Delegate Don Scott and his client (Ameka Riddick) by illegally denying Plaintiff's 'Petition for Protective Order' against Ms. Riddick, although Ms. Riddick had repeatedly cussed and threatened Plaintiff.

68 Although Plaintiff based her legal right to the 'petition' on the 5th and 14th constitutional Amendments--"*due process*" and "*equal protection of the law*"--and verbally expressed it in the hearing, Judge Holder denied Plaintiff's petition.    [*see* **Exhibit 14:** Angel's Pett. for Protec. Or.]

69. The Judge also "obstructed Plaintiffs' justice" by denying her right to [o]bject in the hearing**:** After Plaintiff politely stated "*Objection*," in response to Ms. Riddick's repeated lies, Judge Holder rudely rebuked Ms. Angel twice**:**         *Be quiet*!        *Be quiet*!"
Before the Judge dismissed the case, she did <u>not</u> ask Plaintiff if she had objections or concerns.

70. By conspiring with Delegate Scott and Defendant Riddick, Judge Holder intentionally abused her discretion and violated Plaintiff's First Amendment constitutional rights.  She also violated federal [civil and criminal] statutes:  42 U.S. Code §§ 1983 & 1985 and 18 U.S. Code §§ 241 & 242 "*conspiracy* and *deprivation of rights under color of law*."         (*see* "FACTS," p. 18)
[*see* **Exhibit 15:** Judge Holder's Denial of Protec. Or.]

**Va. General District Court** Substitute **Judge – Polly Chong** (VSB I.D. # 39712)**:**

71. October 12, 2022-- Substitute Judge Chong conspired with Va. Del. Scott and his client (Ameka Riddick) to obstruct Plaintiff's justice by harshly reprimanding and retaliating against Pltf. (verbally and in writing), to support Complainant's protest of the Prosecutor's motion for "nolle prosequi" (abandonment of suit or action).  The Judge's rebuke, written at the bottom of the case disposition, could potentially and illegally influence a Circuit Court judge to deny Plaintiff's 'expungement' of that Court record.       [*see* **Exhibit 10:** Warrant & 'Nolle Pros.'—Viol.. Protec. Or.']

72 By conspiring with Delegate Scott and Defendant Riddick, Judge Chong intentionally abused her discretion and violated Plaintiff's First Amendment Constitutional rights.  She also violated federal [civil and criminal] statutes:  42 U.S. Code §§ 1983 & 1985 and 18 U.S. Code §§ 241 & 242 "*conspiracy* and *deprivation of rights under color of law*."       (*see* "FACTS," p. 20)

**State Actor Police Officers**

73. March 18, 2022--Two (2) Ports. Police officers (R. W. Morton and W. F. Carr) knowingly conspired with [state actors] Del. Scott and Complainant Riddick by harassing and threatening the Plaintiff. They … :  • opened my storm door and walked in without knocking.
       • disputed and argued with me.        • yelled over me (while I was speaking).
       • publicly implied (to Complainant) that I was insane.
       • threatened to file an officer-initiated 'protective order' against me.

74. I reported the incidents to the officers' supervisor (Sgt. R. McDaniel). He suggested that I also report the misconduct to the Professional Standards Unit. In my written report, I stated that I believed both Police officers and multiple others were cooperating with Del. Don Scott's <u>retaliation</u> tactics because the next door neighbor (Ms. Riddick) is his client.
[*see* **Exhibit 16:** Pltf's. Complaint against Police Officers]

75. By intentionally conspiring with Delegate Scott and Defendant Riddick, Officers Morton and Carr abused their discretion and violated Plaintiff's First Amendment constitutional rights.  The officers also violated [civil and criminal] statutes:  42 U.S. Code §§ 1983 & 1985 and 18 U.S. Code §§ 241 & 242 "*conspiracy* and *deprivation of rights under color of law*."       (*see* "FACTS," p. 14)

**State Actor Sheriff Deputies**

76. Two Ports. Sheriff Deputies knowingly conspired with state actors Del. Scott and client by assaulting and stalking Pltf. Both were tall, muscular men who towered over a 5'3"- tall senior lady:

77. Feb. 3, 2022--I suffered one of the Deputies (A. Smith), who arrested me in July 2021 concerning false criminal charges, to to strike me with unnecessary force to deliberately distract me from a Judge's granting of my '*Expungement.*'

78. July 11, 2022--The Deputy (D.T. Edwards) that I had reported to the Sheriff's Office for yelling profanity in the Court building in 2021 appeared in Judge Melvin's courtroom and sat in the audience directly behind me (while I sat at the Plaintiffs' table), as if he knew that I was scheduled to appear. He was not the Bailiff on duty.

79. When I left the Courtroom, that Deputy waited until I boarded the elevator alone; then he hurriedly boarded the elevator. Distressed and frightened, I immediately left the elevator and walked across the hall to the restroom. Since he knows every inch of the Court building, he could have easily harmed and disposed of me!

[*see* **Exhibit  3:** [1st ] Courtroom & Court Bldg. Misconduct  Complaint.]

80. By intentionally conspiring with Delegate Scott and Defendant Riddick, the 2 Sheriff Deputies criminally assaulted and stalked Plaintiff, abused their discretion, and violated Plaintiff's First Amendment constitutional rights. The Deputies also violated federal [civil and criminal] statutes: 42 U.S. Code §§ 1983 & 1985 and 18 U.S. Code §§ 241 & 242 "*conspiracy* and *deprivation of rights under color of law*."

**State Actor Private Citizens and Organizations**

81. The Supreme Court has held [p]rivate citizens to be liable as 'state actors' when conspiring with government officials who "*act under color of law*" to deprive people of their rights. There are a number of cases where the Supreme Court has recognized the conduct of individuals or private organizations to be "state action" and therefore subject to provisions of the Constitution, such as "equal protection," "due process," or the First Amendment.

82. In the following cases, the Supreme Court held that:
Private persons jointly engaged with state officials are acting "*under color of law,*" for purposes of 1983 actions as state actions:

- Marsh v. Alabama, 326 U.S. 501 (1946).   • Rendell-Baker v. Kohn, 457 U.S. 830 (1982).
- Shelley v. Kraemer, 334 U.S. 1 (1948).   • Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961).
- Brentwood Academy v. Tenn. Sec'dy … Assoc.  535 U.S. 971 (2002).

83. Thus, in this Plaintiff's action, all private-citizen and organization defendants are liable as 'state actors' because they knowingly conspired with State government officials who "*acted under color of law*" to deprive Plaintiff of her rights:

**Landlords & Property Manager:  • Kim Philippi,  • Chang Philippi  &  • Lionel Hines:**

84. Defendant Landlords--Kim Philippi and Chang Philippi and acting Property Manager Lionel Hines-- acted as a unit (in concert) when they:
- conspired with Va. Delegate Don Scott and their tenant (Ameka Riddick) to ignore Plaintiff's pleas to stop the tenant from harassing, threatening, and verbally assaulting the Plaintiff;
- threatened to call the Police on Plaintiff;
- falsely testified in Court against Plaintiff;  and  •failed to obey a 'Subpoena' to appear in Court.
[*see* **Exhibit  17:** Angel's 'Subpoena for Witnesses."]

9

85. March 23, 2020--Plaintiff spoke with Landlord Kim Philippi through a security gate intercom. Plaintiff asked Ms. Philippi to speak with her menacing tenant. However, Ms. Philippi yelled at Plaintiff and demanded her to speak with the Property Manager. After Plaintiff reminded the landlord that she had done so many times, Ms. Philippi yelled at Pltf. again and threatened her:

> "*I have a property manager, and you should talk to him!*
> *Don't come to my house again*! or I'll call the Police!"

86. March 26, 2020--Plaintiff mailed a letter addressed to Landlord(s) Philippi and Property Manager Hines regarding: Notice of Tenant Disturbance. However, they did not respond to Plaintiff's letter. The Landlords and Property Manager refused to:

> "*exercise reasonable care to prevent harm, in reckless disregard*" of Plaintiff's request.
> [*see* **Exhibit 18:** Pllt's. Letter to Landlord & Property Manager]

87. By intentionally conspiring with Delegate Scott and Defendant Riddick, Landlords Kim and Chang Philipi and Property Manager Hines acted in concert to violate Plaintiff's federal [civil and criminal] rights and statutes: 42 U.S. Code § § 1983 & 1985 and 18 U.S. Code § § 241 & 242 "*conspiracy* and *deprivation of rights under color of law*."    (*see* "FACTS," p. 11)

---

**CLAIMS & JURISDICTION: The False Claims Act (FCA)**

88. • **United States**

| | |
|---|---|
| First (1st) Amendment: | Free exercise of religion & Freedom of speech. |
| Fifth (5th ) & 14th Amendments: | Due Process & Equal Protection of the Law. |
| 42 U.S. Code § 1983 | Civil action for Deprivation of Rights (under color of law). |
| 42 U.S. Code § 1985 (2) & (3) | Civil action for Conspiracy to Interfere with Rights. |
| 18 U.S. Code § 241 | Criminal action for Conspiracy against Rights. |
| 18 U.S. Code § 242 | Criminal action for Deprivation of rights under Color of Law. |
| Fourth Amendment: | Malicious Prosecution. |

89. • **Virginia Constitution & Va. Code**

| | |
|---|---|
| Malicious Prosecution. .. | §18.2-461: False reports to Law Enforcement. |
| § 18.2-22. Conspiracy to commit Felony. | §18.2-460: Obstructing Justice. |
| §18.2-137: Injuring, etc., any Property. | §18.2-416: Punishment for Abusive Language. |

---

**FACTS**
**Conspiracy Private Citizens**

---

90.          **2019**   **Defendant Landlords & Property Manager Conspiracy with Ameka Riddick:**

**Disturbing the Peace:**

Oct. 21, 2019:  Plaintiff left a voicemail msg. & sent a text to acting Property Manager Lionel Hines concerning the (10:00 p.m.) Tenant's loud, disturbing music, singing/ screaming, and yelling through the wall. Plaintiff informed property manger that she had gone next door and spoken to the Tenant, requesting her to lower the volume. Def. Hines did not return Plaintiff's call. However, he text her back, "*Ok.*"

Dec. 12, '19 -   **Threats to Beat Ms. Angel**
Jan. 3, "20 :    Plaintiff repeatedly text Def. Hines and informed him that she had called the Police due to Tenant's combative and belligerent behavior: loud stereo noise (violating the 10:00 p.m. Noise Ordinance); beating on the wall; yelling and cussing through the wall and in back yard; and threatening to beat Plaintiff.

---

91. (a.)          **2020**   **Confrontation & Threats from Landlord:**
March 23, '20:  **Confrontation with Landlords**
              Plaintiff drove to Landlord Kim Philippi's house and rang her intercom (outside the gate). Pltf identified herself and asked Philippi to speak to her [1629 Darren Circle] tenant about the constant disturbance, "… *because the property manager is not doing anything about it*."

91. (b.)  **2020**  Def. Kim Philippi yelled at Plaintiff, "I have a property manager, and you should talk to him! Don't come to my house again!" Then, she threatened to call the Police. Plaintiff yelled back, "I just told you, 'Mr. Hines is not doing anything about it!' "   Def. Philippi hung up!

**Plaintiff mailed Letter to Landlords and Property Manager**

March 26, '20: Plaintiff mailed a letter to Landlords and Property Manager:   RE**:** Notice of Tenant Disturbance

---

92.    **2020**    Property Destruction /   Threat to KILL Me /   Curse & Abuse:

April 19, 2020: **Destruction of Property**
    Tenant snatched up Plaintiff's flowers, while loud talking to her friends.
    I text the property manager that I would be filing Court complaints against him & Landlord.

June 10, 2020: **Property Destruction**
    Ms. Riddick pulled up numerous flowers from my flower bed and threw them (with attached dirt) onto my walkway and into my flower bed. Because I discovered it at night, I walked in the dirt, tracked it in my house, and soiled my ceramic tile and carpet.

(11:48 p.m.):   **Police obtained Admission Testimony**
    Police Officer arrived, went next door & spoke w/ Tenant. He asked if she pulled up the flowers next door and threw them on the neighbor's property. She admitted,    *"Because they were on my side!"*

June 15, 2020: **Court Filing against Tenant**
    Plaintiff filed a property damage claim against the Tenant in Ports. Gen. Dist. Court. However, the case was dismissed because I did not mail complaint to Ms. Riddick's attorney. Actually, I had not been apprised that she had obtained counsel.

July 17, 2020: **Threat to Kill.**
    Tenant drove up and parked in her own parking space beside Plaintiff, who was sitting in her own car. Plaintiff smiled at the Tenant. However, as Tenant exited her vehicle, she cussed at Plaintiff and threatened to shoot her:    *"I'm so tired of you, Bitch. I'm gon'na **fire** on your ass!"*

---

93. (a.)    **2021**    Family Bullying /   Violent Threats   / False Charges - Abuse of Justice System

July 16, '21: Def. Riddick (& family) threatened to beat me; cussed & berated me, and tried to run me off the road. While I was working in my front-yard flower garden, Ms. Riddick startled me by yelling profanity from her doorbell intercom:    *"Hey bitch, I can see you. I hate yo' old ass."*
                                                     *Motherfucker, don't come near my yard. Fucking Bitch!"*

I stumbled and almost fell. A neighbor walked to my door, and we went inside. Def. Riddick continued to scream through her intercom (from a remote location), as we stood inside my house.

Shortly, Ms. Riddick and her Sister, caregiver (Jasmine Riddick, age 28) arrived. They stood outside her condo unit (next-door to mine), cussed and threatened to do me bodily harm. Ameka Riddick said:
                *"I'm so sick of yo' old ass, Bitch. I'm going to beat your motherfucking ass.*
                *My daughter is coming, and we gonna' kick yo' old motherfucking ass!"*

Her caregiver Sister (Jasmine Riddick) yelled:  *"Fuck you' old ass, bitch. We're gonna fuck your ass up!"* When Def.'s daughter (Alexus NaShay Riddick) arrived, she parked her car closely behind my car. As she jumped and stomped on my brick flower border, she yelled:

*"I got you blocked in bitch, so you can't go no damn where. I'm sick of yo' **old** ass, and I'm gonna kick yo' motherfucking ass. I'm gonna fuck yo' ugly ass up, motherfucker! Come on outside, Bitch, so I can fuck yo' **old** ass up!"* I called Emergency. When the Police arrived, the officers directed me to file an Emergency Protective Order at the Magistrate's office. The neighbor, who witnessed some of her behavior, accompanied me.          [*see* **Exhibit 19:** Witness' (Parker's') account of Harassment.]          11

---

**93 (b.)**        **2021**    <span style="color:red">Reckless Driving</span> / following too Closely    &        **Curse and Abuse**

As I drove out of the court, her daughter (Alexus Riddick) followed me (too closely). She continued her reckless driving on Greenwood Dr. When I pulled my car off the road and stopped, Alexus Riddick stopped her car on Greenwood Dr. closely beside my car and yelled the same profane threats out the window.

**Blocking my Driveway (12:40 a.m.)**

When my neighbor and I returned from the Magistrate's office, Def. Riddick had parked her car partially in my driveway and partially in her own. She was standing outside her door with a cell phone positioned to photograph me. I called Emergency. When the same Police officers arrived, she hurried inside her house. After observing her car, one Police officer knocked on her door and directed her to: *"Move your car, now!"*

---

**94.**        **2021**        **Riddick's' Confession of Mental Disorder**

**Curse and Abuse**

Sept. 28, 2021    Def. Riddick was summoned to the Police station for violating my 'Protective Order.' She retaliated by 'yelling and cussing at me from her front and back yards:

> *"Old-ass bitch! I'm so ti'ed of you, old ass bitch!*
> *You mad 'cause Don Scott's election sign is in my yard.*

This ain't no condo. This is a townhouse! I'm so damn ti'ed of you—old-ass motherfucker! You ain't got no house worth nothing. Buy yourself a hundred-thousand-dollar house, bitch! ***I'm bi-polar*** and ***schizophrenic***, *and 'dey ain't gon' do nothing to me!"*

---

**95.**        **20**21**:**    **Delegate (Don Scott) represents Def. Riddick.**    Riddick's Retaliation:    <span style="color:red">Threat to Kill Me:</span>

**Oct. 7, 2021): Va. Delegate Don Scott retained by Def. Riddick**

Two (2) days after this US District Court complaint was served on Def. Riddick, Va. Delegate Don Scott sent a letter to State Court that he had been retained by Ameka Riddick.

> *"I have been retained to represent the interests of Ameka D. Riddick ... for arraignment in the Portsmouth General District Court, Criminal Division on Oct. 8, 2021, at 8:00 am. ..."*

He further stated, *"Please note that Ms. Riddick is currently <u>scheduled</u> to <u>appear</u> in Court on Oct. <u>27</u>, 2021 for related matters concerning the same facts and circumstances."*

**Oct. 7, 2021 (11:35 p.m.): Threat to Kill; Another Retaliatory False Charge**

Def. Riddick, harassed and cussed me through the wall (that divides our condo units): she played extremely loud music, yelled, screamed, and <u>threatened</u> <u>retaliatory</u> <u>false</u> <u>charges</u> against me. Speaking in an eerie voice, she sounded like she was recording a suicide confession:

> *"I'm gon'na  blow my fucking brains out!*  *"Charge my neighbor with murder, murder, murder!*
> *She drove me to this. Charge Joelle Angel with murder!, murder!, mur-derrr!!!*
> *I'm losing my fucking mind, and she did this to me!  Charge her with mur-derrr!!!*
>
> ***Old**-ass bitch!, you ruined my life!,  and you gon'na be charged with murder!*
> *I didn't say that I was schizophrenic and bi-polar. Ain't nothing wrong with me!*
> *I'm gon'na fucking kill myself! Charge Mrs. Angel with mur-derrr!!!  Charge her with mur-derrr!!!"*

I text Property Manager Lionel Hines; told him I was praying about calling the Police; and that I didn't think Ms. Riddick's teenage son should have to endure her emotional disturbances. After two (2) Police officers left her house, she started yelling again (seemingly into a microphone):

> *"Carry yo' **old**-ass upstairs, and go to bed, nosy **old** bitch! If you carry yo' ass upstairs,*
> *you won't fucking hear me. GOD hears me, and when I check out of here, it's gon'na*
> *be yo' motherfucking fault. You gon'na be charged with murder!, nosy **old** bitch!!!" Go upstairs!"*

I was <u>afraid</u> that the 'bio-polar, schizophrenic' tenant meant the opposite-- to <u>shoot</u> at <u>me</u> through the wall.                [*see* **Exhibit 20:**  Dft's. Threat of False Charges.]

---

**20**21:
96.                                    **False Charges Dismissed** against Ms. Angel

Oct. 27, 2021: **Va. Delegate Represented Ms. Riddick**
Defendant Riddick was represented in State Court by the same atty. (Delegate Don Scott.) that she reported to this U. S. District (on 10/22/21) was recovering from surgery.

Before and after the State Court judge dismissed ("*with prejudice*") the false charges of "trespassing" and "violation of Protective Order" against me, Delegate Scott falsified to the Judge that his client would be "*moving out in 2 weeks.*" However she did not move in 2021. Ms. Riddick actually moved out after a Circuit Court judge ordered her to move by August 31, 2022.    Thank GOD, she did!

---

97.              **20**22:  Riddick's continuous **False Charges** against Ms. Angel:        **Charges Dropped!!!**

May 25, 2022: **Riddick's Illegal  Gen. Dist. Ct. 'Protective Order' against Ms. Angel**
Gen. Duistrict Court Judge (Nicolo) conspired with Delegate Don Scott and his client--complainant (Defendant  Riddick)--by illegally entering a 'Permanent Protective Order' against Plaintiff, because she was recorded by complainant's doorbell camera saying,          "*No Justice. No Peace!*"
[*see* **Exhibit 12:**  Gen. D. C Perm. Protec. Or.]

Aug. 23, 2022: **Riddick's Illegal  Circuit Ct. 'Protective Order' against Ms. Angel:**
Magistrate (Griffith) conspired with Delegate Don Scott and his client--complainant (Defendant Riddick)—by illegally charging Plaintiff with the crime of 'Violation of Protective Order' because complainant alleged that Plaintiff had contacted her after being court-ordered not to do so:
[*see* **Exhibit 10:**  Warrant & 'Nolle Pros.'—Viol.. Protec. Or.']

Sept.. 30, 2022: **Landlords failed to Obey Court Subpoena:**
Kim Philippi and Chang Philippi failed to obey a 'Subpoena' to appear in Court.
[*see* **Exhibit  17:**  Angel's 'Subpoena for Witnesses.'']

Oct. 12, 2022: **Ms. Angel was Tried and Acquitted of Riddick's illegal charge:**
The Prosecutor motioned 'nolle prosequi' because, "The *State cannot prosecute a citizen for following the law. It is a legal requirement to mail a copy of a filed pleading to an unrepresented party.*"
*Mailing a copy of a required pleading is not a crime*!    [*see* **Ex. 10 :**  Wrnt. & 'Nolle Pros.'—Viol.. Pro. Or.']

---

98.   In this 3-year 'reign of terror,' Plaintiff has sent numerous text messages and affidavit letters to defendants about Tenant's ongoing criminal conduct. The foregoing is only a small sample.

99.   However, the Landlord(s) Philippi <u>responded</u> with <u>insult</u> and <u>threatened</u> Plaintiff when she came to their home to report Tenant and failed to obey a court-ordered subpoena. Prop. Mngr. Hines repeatedly falsified in Court to cooperate with Del. Scott. Thereby, the landlords and prop. mngr. acted in concert when they [c]onspired with Del. Scott and tenant/ client Ameka Riddick.

100   Defendants had a duty to "*exercise reasonable care in their supervision of* Tenant (Ameka Riddick) *for the protection of innocent members of the public:*"

101. The injuries the law-abiding condo owner has suffered are the proximate (direct) result of the property manager and landlords conspiring with state actors and breaching their duty:  failing to protect Plaintiff and failing to control the mentally-ill tenant / client.

102. Plaintiff's 'prayer' for compensatory, malicious prosecution, emotional distress, and punitive damages is based upon factual evidence that the defendants' <u>conduct</u> "*evidences a conscious, willful, wanton, and reckless disregard for the rights of innocent members of the community.*"

103. 12/3/21--Plaintiff began outpatient therapy for emotional distress and anxiety due to defendants' harassment and malicious prosecution.         [*see* **Exhibit  21:**  Letter from Licensed Counselor]     13

**FACTS**

**Conspiracy with Portsmouth Police**

104. March 18, 2022--Two (2) Ports. Police officers (R. W. Morton and W. F. Carr) knowingly conspired with [state actors] Del. Scott and Complainant Riddick by harassing and threatening the Plaintiff. They … :   • opened my storm door and walked in without knocking.
   • disputed and argued with me.        • yelled over me (while I was speaking).
   • publicly implied (to Complainant) that I was insane.
   • threatened to file an officer-initiated 'protective order' against me.

105. Officer **Carr** opened my storm door and walked into my house without knocking**:**
When I objected, he said he was coming to join his partner. Officer Morton defended him by saying, *It's Okay, Ma'am.*" When I responded "*It's not ok. This is my house*!", Neither officer apologized.

106. Officer **Morton:** made false, judgmental, and defamatory remarks about me--that I was insane (to a complaining Neighbor)**:** Because I would not give him my name to issue an "*officer-initiated EPO*," Officer Morton left my house, went back to the complaining neighbor's front yard and listened to her falsify that I had trespassed her front yard (condo elements). The neighbor (Def. Riddick) also said I was insane: "*She's crazy. She has mental problems*!"
Officer Morton loudly agreed: "*She obviously does!   She obviously does!,*" as he stared at me.

107. I waived him over to me and told him quietly that I had not been on her property, to which he <u>repeatedly</u> shouted,        "*Allegedly!, Allegedly!, Allegedly!*"        while I was still talking.

108 I reported the incidents to the officers' supervisor (Sgt. R. McDaniel). He suggested that I also report the misconduct to the Professional Standards Unit.

109. April 3, 2022-- I emailed my Complaint to the Ports. Police Chief. I stated that I believed both Police officers and multiple others were cooperating with Del. Don Scott's <u>retaliation</u> tactics because the next door neighbor (Ms. Riddick) is his client.
[*see* **Exhibit 16:** Pltf's. Complaint against Police Officers]

110. April 5, 2022--I received an email from the Police Professional Standards Unit. Attached was the Police Chief's 'response letter' admitting that what I reported was true. However, he contradicted himself, by stating that the officers' "*actions taken were… proper and in compliance …*"
[*see* **Exhibit 22:** Police Chief's Response letter]

111. April 26, 2022--I emailed a letter to City Manager Angel Jones confirming our 4/27/22 scheduled tele-meeting. I detailed my concerns about the Police officers and the Police Chief's response.

112. April 27, 2022--City Mngr. Jones called me, but we could not meet because her assistant had not printed my emailed concerns. Our tele-meeting was rescheduled for June 1, 2022.

113. May 24, 2022--Mysteriously, City Mngr. Jones was fired by the Ports. City Council. Later, an appointment was scheduled for me to tele-meet with the Interim City Manager (Mimi Terry) on June 16, 2022.

114. June 16, 2022: Interim City Mngr. Terry did not call me for our scheduled tele-meeting. Her assistant said a new apt. could <u>not</u> be scheduled until the new City Mngr. had been hired.

115. June 30, 2022: A new City Manager (Tonya Chapman) was hired.

116. July 5, 2022: Police Chief (Renado Prince) was fired.

14

**Consultation with Legal Aid**

117. May 24, 2022-- I consulted with Legal Aid Society of Eastern Virginia about a court summons to appear for a 'Petition for Protective Order' filed against me. The Deputy Director (Sarah Black) advised:    *"The Petitioner's complaint does not meet the standards of*
Va. Code § 19.2-152.10 Protective Order:  Prohibiting acts of Violence, Force or Threat.
*No judge is going to enter a 'protective order' based on such*!"
[*see* **Ex. 23:** Riddick's Petition Complaint]

118. Later, the Deputy Director advised:
*"If the Judge grants the Protective Order, go directly to the Clerk's Office and appeal it to the Circuit Court. We'll be there on the day of the hearing."*

119. After I showed her multiple court-dismissed and expunged criminal complaints by Ms. Riddick, Deputy Director Black commented:  *"This woman is bothering you*!  *You're not <u>bothering</u> her."*

> **FACTS**
> **Conspiracy with State Judges**

**Conspiracy FACTS:  Judge Nicolo**

120. May 25, 2022-- I appeared [pro se] in Ports. General District Court for a hearing on 'Petition for Permanent Protective Order' filed against me. Substitute Judge Anthony Joseph Nicolo presided and demonstrated his conspiracy with Delegate Scott and Complainant Ms. Riddick:

121. There is a close <u>nexus</u> and conflict-of-interest between Judge Nicolo and Va. Delegate / 'Courts of Justice Committee' member Don Scott. They share the same office space.

122. As he presided over the case of actually an [il]legal 'Petition for Preliminary Protective Order' filed against me, Judge Nicolo started the hearing with a harsh warning directed towards me:
*"In this Court we do things one way—my way! Understand?!"*
Indeed Judge Anthony Joseph portrayed himself to be '*mean Joe Green*!'

123. He asked if I were "Joel Angel." I answered, "No. That is not my name." However, he proceeded with the case, as if my name or my apprising him did not matter.

124. Actually, the case was/ is a nullity and should have been dismissed because it was brought against the wrong person.

125. At the hearing, I explained the following:
• As advised by Legal Aid of Eastern Va., Ms. Riddick's complaint—"that I was recorded on her doorbell camera saying, '*No Justice; No Peace*' "—does not meet the standards of
Va. Code  § 19.2-152.10 Protective Order:  Prohibiting acts of Violence, Force or Threat."
• Ms. Riddick's [il]legal petition was filed in retaliation because I filed a federal lawsuit against her and her attorney, Delegate Don Scott.
• The exercise of my First Amendment right to "*freedom of speech*" did not hurt anyone.
.            [*see* **Exhibit 11:** Angel's Mot. to Dismiss Protec. Order]

126. In a conflict of interest while presiding over the case, Judge Nicolo acted as Ms. Riddick's attorney:  As I testified that Ms. Riddick trashes my yard and flower garden, the Judge harshly interjected (speaking over me),  "*The wind blows the trash that way*!!!"

127. Several days prior to the hearing, I had entered into record multiple defense affidavits:
• Licensed Counselor's confirmation of my participation in "*out-patient-therapy*" since Dec. 2021)
"*for emotional distress due to harassment by a next-door neighbor."*
[*see* **Exhibit 21:** Letter from Licensed Counselor.]        15

• Witness' testimony of Ms. Riddick cussing, threatening bodily harm, and to "*put* [me] *in jail again*!"
[*see* **Exhibit 24:** Witness (White's) affidavit of Harassment & Threats]

128. However, Judge Nicolo would not allow my witness to testify.

129. Contrary to law, Ms. Riddick did not present evidence of "*acts of violence, force, or threat.*"

130. Neither did she present a licensed counselor's determination of emotional or psychological damage to support her repeated testimony: "*I am mentally and physically drained*!"

131. Ms. Riddick's three (3) witnesses [Property Manager Lionel Hines, her sister (Jasmine Riddick) who had cussed and threatened me and her teenage son)] all with head down, facing the floor mumbled low volume statements that I could hardly understand, as I stood 7 feet away.
[*see* **Exhibit 25:** Riddick's Witness List]

132. Unjustly, the Substitute Judge abused his discretion and declared a horrific 'Permanent Protective Order' against me: *I'm entering a* Permanent Protective Order *against you*!"
When I asked: "*For how long*?," he roared, "*For two* (2) *years*!"

133. Ultimately, his ruling <u>confirmed</u> his harsh, arrogant and corrupt opening remarks:
*"In this Court we do things one way—my way! Understand?!"*

134. It is obvious that Judge Nicolo was conspiring with Delegate Don Scott, to rule for his client, and that he was wearing an electronic listening device to hear and obey Del. Scott's instructions.

135. Clearly Judge Nicolo demonstrated behavior beneath the dignity of a State court judge.
Per The Virginia Canons of Judicial Conduct:
*"The* [judges' rulings] *should be applied consistent with constitutional statutes, other court rules and decisional law* ..." (Preamble)
*A judge shall respect and comply with the law.*" (Canon 2 A.)
"*A judge shall be patient, dignified and <u>courteous</u> <u>to</u> <u>litigants</u>, jurors, witnesses, <u>lawyers</u> and others* ..."(Canon 3 B(4).)

136. Afterwards, I obeyed the Legal Aid Deputy Director's prior advice:
"*Go directly to the Clerk's Office and appeal i to the Circuit Court.
We'll be there on the day of the hearing.*"

137. Days later, I spoke with a victim of <u>actual</u> <u>domestic</u> <u>violence</u> that occurred in Portsmouth several years ago. In contrast, she was granted only a 1-year 'Permanent Protective Order.'
[*see* **Exhibit 12:** Gen. D. Ct.--Perm. Protec. Order against Angel]

**Conspiracy FACTS: Judge Melvin (1st)**

138. June 6, 2022—At the appeal hearing before Circuit Court, I was represented by a Legal Aid Staff Atty. (Floyd Oliver). My witness was also present. All of the documents that I had submitted to the Gen. Dist. Ct. had been transferred to the Circuit Court record. Judge Kenneth Melvin, presided and demonstrated his conspiracy with Del. Scott and Ms. Riddick, who appeared [pro se].

139. Throughout the hearing, Judge Melvin displayed the personality and disposition of '*Callous Kenny.*'

140. At the onset, Legal Aid requested to "*dismiss* (or remove) *the protective order*" because it was "*not based on the legal requirements under law.*" However, Judge Melvin emphatically declined.

141. While Ms. Riddick was on the witness stand, the Legal Aid attorney asked if she had ever felt physically threatened by Ms. Angel's statement—"No Justice, No Peace." "She answered "*No.*"

142. However, she repeated the same baseless argument: "*I am mentally and physically drained*," because Ms. Angel had said,  "*No Justice; No Peace*"     recorded by her doorbell camera.

143. On the witness stand, I testified that Ms. Riddick constantly yells and cusses at me, outside and through the wall,  "*A protective order is too easy for her to lie by saying I violated it.*
>          *That is what she did in October 2021, but thank GOD, it was dismissed.*
>          *That offense carries jail time*!  *Ms. Riddick has escalated her retaliation*
>          *by cussing at me when guest visit my home.*"

144.  My witness (Felix White) testified about Ms. Riddick's April 25, 2022 harassment and threats:
>     "*As Ms. Angel and her guest exited our cars, Ms. Riddick began yelling, cussing,*
>     *and complaining that Ms. Angel was suing her in court. She called her filthy names,*
>     *said she was going to 'get her!' and 'put her ass in jail again!'*
>     *As we ignored her, she turned her back to us, pulled up her clothes and exposed herself,*
>     *then patted her behind.*"        [*see* **Exhibit  24:** Witness (White's) Affidavit of Harassment & Threats]

145. Ms. Riddick did not contest or deny Mr. White's testimony--surprisingly not even the segment concerning 'exposing her buttocks and patting it.'

146.  In Stamper v. Commonwealth (Va. Sup. Ct. 1985), the Virginia Supreme Court ruled:
>          "*There is no sliding scale for insanity plea.*"

147. My witness was <u>credible</u> compared to Ms. Riddick's 3 witnesses (in Gen. Dist. Ct. hearing) whose testimonies lacked credibility, and could not be understood, as I stood no more than 7 feet away.

148. Contrary to law, Ms. Riddick did not present evidence of "*acts of violence, force, or threat.*"

149. Neither did she submit a licensed counselor's determination of emotional or psychological damage to support her repeated and baseless testimony:  "*I am mentally and physically drained*!"

150. Unjustly, the Judge abused his discretion by emphatically declining to dismiss the protective order.

151. In an irritated tone, he reprimanded the Legal Aid attorney for requesting it (seemingly for a 2nd time):
>    "*The 'protective order' stays!  If you don't like it, you can just appeal it to the Court of Appeals*!"

152.  Then he <u>falsified</u>:        "*These ladies are enemies.  They could hurt each other.*
>                *They could kill each other.  This 'protective order' stays*!"
>               [*see* **Exhibit 13:** Cir. Ct.--Perm. Protec. Or.].]

153. I was shocked and offended that a judge would proffer such scandal!  I have never testified verbally or in writing that Ms. Riddick was my enemy, nor that I intended to harm her.  She has never stated (verbally or in writing) or yelled outside that I physically threatened her or that she feared for physical safety.  She has never alleged such in her complaints!

154. It is obvious that Judge Melvin was conspiring with Delegate Don Scott, to rule for his client, and that he was wearing an electronic listening device to hear Del. Scott's instructions during trial.

155. Clearly Judge Melvin demonstrated behavior beneath the dignity of a State court judge.
Per The <u>Virginia Canons of Judicial Conduct</u>:  *A judge shall respect and comply with the law.*" (Canon 2 A.)

156. Equally obvious is the close <u>nexus</u> and conflict-of-interest between Judge Melvin and Delegate / 'Courts of Justice Committee' member Don Scott.  It is print-publicized that both are active participants, 'honorable judicial members,' and/ or featured presenters in the Old Dominion Bar Association.

**Conspiracy FACTS: Judge Holder**

157. June 23, 2022 –My 'Petition for Permanent Protective Order' filed against Ameka Riddick
was heard in Portsmouth General District Court. Chief Judge Roxie O. Holder presided and
demonstrated her conspiracy with Delegate Scott and Complainant Ameka Riddick:

158. My complaint states:

> "I *am seeking my 5th and 14th Amendment constitutional rights to "due process" and "equal
> protection under the law." Ms. Riddick has threatened to beat and shoot me many times.
> On April 25, 2022 Ms. Riddick cussed at me and threatened to beat me in the presence of
> 3 people visiting my home. I want a permanent protective order against he*r."

[*see* **Exhibit 14:** Angel's Pet. for Protec. Or.]

159. Ms. Riddick and I appeared [pro se]. No witness was present for Angel or Riddick.

160. For my opening statement, I acknowledged that my witness was not present. Then I read my
complaint: "*Now that Ms. Riddick has obtained a 'permanent protective order' against me,
it is too easy for her to lie that I violated it as she did last year, but thank GOD
it was dismissed, because she could not prove it!
However, I have a legal right to be granted a protective order against her.*

161. Ms. Riddick repeated the same baseless argument: " *I am mentally and physically drained,"*
because I had said    *"No Justice; No Peace"*        recorded on her doorbell camera.

162. Brazenly, she entertained the Judge by playing a recording of herself cussing at me and my guest.
The Judge listened patiently, as if she enjoyed it. Judge Holder displayed the personality of
'Rottweiler for Delegate Scott' because she tenaciously obeyed him.

163. However, the recording confirmed my complaint and justification for the 'protective order.'

164. Ms. Riddick did not present a licensed counselor's determination of psychological or emotional
damage to support her repeated and baseless testimony: "*I am mentally and physically drained*!"

165. Additionally, Ms. Riddick alleged that she was "*moving* [from her residence] *in August* [2022]."

166. When I told Judge Holder that Ms. Riddick and her attorney (Don Scott) had lied in Court in
October 2021--making the same false assertion--Ms. Riddick responded,
"*I'm moving this time. I have approval now.*"

167. As Ms. Riddick repeatedly lied, I softly objected with one word—"*Objection*." Judge Holder
harshly rebuked me—"*Be quiet*! I turned to face her directly to show my compliance, but she
sternly repeated it--"*Be quiet*!"

168. The Chief Judge's rebuke constitutes 'obstruction of justice:' Per the Rules of the Supreme Court
of Virginia, as an 'officer of the court,' I have a legal right to object.

169. Inequitably, Judge Holder demonstrated her bias and prejudice when she held Ms. Riddick's cell
phone, studied her video for at least 3 minutes, while making comments. However, she refused
to hold my cell phone to see my photo evidence: When I tried to show her the photos on my cell
phone and extended it, she tersely remarked, "*I can see it from here*!"

170. Unjustly, Judge Holder abused her discretion and demonstrated intentional bias by the following
ruling. With a facetious grin, she said:    "*Ms. Angel, you're not going to like my decision.
I believe your petition is in retaliation to Ms. Riddick's protective order.
So I am not going to grant you a protective order. This case is dismissed.*"

171. Before the Judge dismissed the case, she did <u>not</u> ask me if I had objections or concerns. However, it is extremely necessary that judges rule equitably and consistent with the law.

172. Judge Holder's decision confirms that she denied me "*equal treatment under the law.*"

173. The Chief Judge committed egregious constitutional errors by denying my 5th and 14th Amendment rights to a 'protective order.' It is a denial of my 'due process' and "equal protection of the law."    [*see* **Exhibit 15:** Judge Holder's Denial of Protec. Or.]

174. It is obvious that Judge Holder was conspiring with Delegate Don Scott, to rule for his client, and that she was wearing an electronic listening device to hear his instructions during the trial.

175. Clearly the Chief Judge demonstrated behavior beneath the dignity of a State court judge:

176. Equally obvious is the close <u>nexus</u> and conflict-of-interest between Chief Judge Holder and Va. Delegate--Courts of Justice Committee member--Don Scott. It is publicized in print that both are active participants, 'honorable judicial members,' and/ or featured presenters in the Old Dominion Bar Association.

**Letter from & Consultation with Legal Aid;**
177. July 9, 2022--I received a letter from Legal Aid Staff Attorney Floyd Oliver (dated 7/6/22) "*noticing*" me that he was "*closing my file.*" He also clarified the consequences of Judge Melvin's 6/6/22 refusal to dismiss the 'protective order' against me.    [*see* **Exhibit 26:** Letter from Legal Aid]

178. Aug. 19, 2022--Per the advice of the Legal Aid attorney, Ms. Angel motioned to amend (terminate) the 'Permanent Protective Order' because Ms. Riddick had to comply with the Judge's Order to:
        "*Relocate by the end of August or face 5 years in jail for lying under oath:*"

179. Ms. Angel contended that because she did not know Ms. Riddick's new address,
        "[she] *could not possibly <u>have</u> <u>contact</u> with her. Therefore, the Protective Order is useless.*"
        [*see* **Exhibit 27:** 'Motion to Amend Protective Order' (p. 1, ¶ ¶ 1-3).]

**Conspiracy FACTS: Judge Melvin (2nd) -- 'Kangaroo Court' [2] to violate the Law:**
180. Sept. 30, 2022—At the hearing, Judge Kenneth Melvin presided and demonstrated his conspiracy with Delegate Scott and Complainant Ameka Riddick. He conducted a 'Kangaroo Court' [2] to dismiss Ms. Angel's 'Motion to Amend Protective Order.' Plaintiff and Defendant appeared *pro se*:

181. Initially, Judge Melvin denied me the right to question Ms. Riddick and the only subpoenaed witness present, although I had filed a "Request to Subpoena" 3 Witnesses.
        [*see* **Exhibit 17:** Angel's 'Subpoena for Witnesses."]

182. After he allowed Ms. Riddick to plead for the protective order to remain in force, the Judge angrily denied my Motion to Amend. Then he hastily dismissed Court and tapped the gavel.

183. To my objection that I had subpoenaed witnesses, he harshly reprimanded me:
        "*Did you hear what I said*? *This case is dismissed* !"

184. After all litigants had left the Courtroom and we were walking toward the elevator, the Bailiff stepped out of the Courtroom and called us back into the Courtroom at the Judge's request.

185. Judge Melvin specified that I could only interview witness Lionel Hines, but not Ms. Riddick.

---

[2]  A mock court in which the principles of law and justice are disregarded or perverted.

186. As I questioned Mr. Hines, the Judge illegally acted as his and Ms. Riddick's attorney by stating: "*I'm not going to let him answer that!*" to at least 4 of my questions (although no one had objected).

187. Lionel Hines lied profusely about: • his job duties as the 'operations manager' for Charlestowne Condominiums, • the date Ms. Riddick moved out, and • the date that his new tenants moved in.

188. After Judge Melvin's <u>bias</u> performance, he denied my Motion and told me <u>not</u> <u>to</u> <u>mail</u> another document to Ms. Riddick [although I do not know where she lives].

189. Inappropriately, he told me: "*tell the Clerk to direct to me*" any future copies of motions or pleadings required to be sent to Ms. Riddick.

190. Then he dismissed Court the second time.

191. Obviously Judge Melvin was conspiring with Delegate Scott, to rule for his client, and he was wearing an electronic listening device to obey his instructions during the trial.

192. Oct. 13, 2022--13 days after the hearing and because I persistently requested, Judge Melvin signed the Order to officially dismiss my 'Motion to Terminate Protective Order.'

> [*see* **Exhibit 28**:: 'Order denying Motion to Terminate Protective Order'.]

### FACTS:  Prosecution refused to Prosecute

193. Aug. 30, 2022,--Plaintiff was arrested for Ms. Riddick's falsified 'Violation of a Protective Order.' because she had followed the law and mailed her a copy of the 'Motion to Terminate Protective Order,' as the Court and law require.

194. Sept. 2, 2022—Plaintiff was arraigned in Gen. District Court for that falsified 'Violation of Protective Order.'

195. Oct. 12, 2022--In the Ports. Gen. District Court hearing, Plaintiff was represented by a Public Defender.  The Prosecutor motioned "*nolle prosequi*" because no crime had been committed. Thus, the case was dismissed.      [*see* **Exhibit 10 :**  Warrant & 'Nolle Pros.'—Viol.. Protec. Or.']

### Conspiracy FACTS:  Judge Chong  -- Another 'Kangaroo Court' [2]

196. Oct. 12, 2022--Judge Polly Chong presided and demonstrated her conspiracy with Del. Scott and Complainant Amela Riddick.  She conducted another 'Kangaroo Court' in which courtroom procedures were disregarded and perverted.  However, she ultimately failed to convict Ms. Angel:

197. The criminal hearing for Ms. Angel's 'Viol. of Protec. Or.' was heard in Portsmouth Gen. District Court.  I was represented by a Public Defender (Tressa Bussio).  The Commonwealth Prosecutor was George Landry.  Ms. Riddick appeared as a witness.  I had been charged with "*mailing a letter*" to a victim after being court-ordered to have "*No contact.*"

198. While we waited for the Judge to enter, the Public Defender spoke to me privately outside the courtroom.  Then the Prosecutor called for Ms. Riddick and spoke to her outside.  Ms. Riddick re-entered the courtroom visibly angry and mumbled audibly, "*She'll be back*!"--[another false charge.]

199. Judge Ottinger was originally scheduled to preside, but shortly after he entered his courtroom, it was announced that the case would be heard in a different courtroom.

200. As usual, Delegate Scott had conspired with Chief Judge Holder to re-assign the case to a 'substitute Judge' of his choosing.  That Judge was Polly Chong.

---

[2]   A mock court in which the principles of law and justice are disregarded or perverted.

201. Obviously, Delegate Scott is allowed to judge shop (frequently) and Judge Roxie obeys him like a 'Rottweiler.'

202. Immediately after the litigants were 'sworn in,' Judge Chong bypassed allowing the Prosecutor to present the case.

203. Seemingly 'parroting' Delegate Scott from an electronic listening device, the Judge inappropriately directed her first statement to me (the defendant):
   "*Ms. Angel, you are charged with 'violation of a protective order.' How do you plead*?"

204. Also unjust: Judge Chong did not state the [s]pecific charge to me (the defendant).

205. '*Equal Justice under the law*' requires that the accused be told clearly and specifically what he or she is charged with.

206. It was obvious that Judge Chong was:  • conspiring with Delegate Scott to rule for his client;
   • pre-occupied with obeying him; and that
   • she was wearing an electronic listening device to 'parrot' his instructions.

207. After I responded "*Not guilty*," the Public Defender assertively, yet politely, redirected the Judge:
   "*Judge, the Commonwealth is prepared to motion* "*nolle. prosequi.*"

208. Obviously the Judge could not hide her surprise that she'd been 'caught in-the-wrong' as she responded, "*Oh!*" Then she directed the Prosecutor to present the State's position on the case.

209. The Prosecutor motioned 'nolle prosequi' because,
   "*The State cannot incriminate a citizen for following the law.  It is a legal
   requirement to mail a copy of a filed pleading to an unrepresented party,
   and the defendant has followed that procedure.*"

210. Ms. Riddick angrily protested by mumbling audibly and forcefully waiving her hand, which set off a chain of illegal events.

211. In an apologetic tone, Judge Chong sought to console the witness:
   "*Even as head of the Court, I cannot override the decision
   of the State or convict, if the State does not recommend a conviction.*"

212. Then she allowed Ms. Riddick to testify ['testa-lie'] an unrelated, false event that,
   "*Ms. Angel has been driving through the community and waving at my oldest sister.*"
   Complainant proffered no video evidence or witness to substantiate her baseless claim.

213. Yet immediately, the Judge harshly rebuked me concerning the false testimony, without giving me (the accused) a chance to respond:    "*Ms. Angel, that protective order is still in force, and you
   had better not say anything else or even waive at Ms. Riddick again!  Do you understand?!*

214. I acknowledged that I understood.

215. After the trial, I went to the Clerk's office to get a copy of the disposition.  I discovered that the Judge had hand-written a statement at the bottom of the document.  The Judge's statement is not clearly printed on the copy that was issued to me.

216. However, the Judge's rebuke, written at the bottom of the case disposition, could potentially/ illegally influence a Circuit Court judge to deny (block) my 'Expungement' of that Court record.

217. The foregoing events indicate that Judge Chong conspired with Delegate Scott and Defendant Riddick; abused her discretion; and intentionally acted to prevent 'expungement' of my court records.                    [*see* **Exhibit 10 :**  Warrant & 'Nolle Pros.'—Viol.. Protec. Or.']

**VIOLATIONS**

218.   • False Claims.                  • Malicious prosecution.          • False imprisonment
       • Obstruction of justice.        • Violence                       • Curse & abuse.
       • Disturbing the peace.          • Property destruction.
       • Conspiracy to interfere with civil rights under 'color of law.'
       • Civil & criminal deprivation of rights under 'color of law.'

---

219.              **The False Claims Act**          **&**          **Virginia False Claims Law**
                  **[31 U.S..C. §§ 3729-33]**                      **[§ 8.01-216.3.]**

The False Claims Act (FCA) is the oldest '*qui tam*' law, originally enacted in 1863, but most recently amended in 2009 and 2010. After the FCA was signed into law, the term "relator" was used to signify a whistleblower.

In a 'qui tam' action, a **relator brings an action against a person or company on the government's behalf.** The **government**, not the relator, **is** considered the **plaintiff**. If the government succeeds, the relator who brings the action will receive a share of the award.

[If] the United States <u>intervenes</u>, a U.S. attorney will litigate and prosecute the case, and the whistleblower will be a party in the case. However, if intervention is declined, the whistleblower has the right to proceed with the lawsuit.

To state a claim, FCA relators must comply with Rule 9(b) of the Federal Rules of Civil Procedure (FRCP), by stating:
       • the time, place, and contents of the false representations;
       • the facts misrepresented; and
       • what was obtained or given up as a consequence of the fraud.

A claim must allege:
       • the defendant's actual knowledge of the information and that
       • the conduct at issue was material.

---

220. In this [pro se] Plaintiff's case, the False Claims Act authorizes 'qui tam' actions against parties who have defrauded the federal and state government. Thus, the Plaintiff affirms that state-actor defendants defrauded the governments(s) via the following specific False Claims:
       • **Knowingly makes, uses, or causes to be made or used, a false record or material statement.**
       • **Submitting claims that falsely certify that defendants have complied with laws, contract terms, or regulations  [*under color of law*].**
       • **Conspiring with others to make false or fraudulent claims.**
       • **Conspiring to commit violation(s) of any federal or state law.**

221. The state-actor defendants instigated and conspired to "deprive" Plaintiff of her federal and state Constitutional rights to "*free exercise of religion*," "*freedom of speech*," "*due process*" and "*equal protection of the laws*" by <u>falsifying</u> multiple <u>criminal</u> charges: "*Speaking a unknown language*," "*Trespassing*," and "*Violation*(s) *of Protective Orders*." State magistrates and judges knowingly conspired with Delegate Scott and his client to charge Plaintiff with <u>false</u> <u>crimes</u> and illegally arrest her. However, because the false charges were <u>not</u> legally justified, they were "*dismissed with prejudice*." The fact that the malicious charges were "*dismissed with prejudice*" is proof there was no 'probable cause.'

222. July 27, 2021--Plaintiff was unlawfully seized, arrested and fingerprinted for the false crime of 'Trespassing.' Because she was arrested in the Portsmouth Gen. Dist. Court Clerk's Office, she suffered great emotional and mental distress, inconvenience, and loss of enjoyment of life: rise in blood pressure, humiliation, embarrassment, shame, great personal trauma, stress, fear, worry about facing 12 months in jail, loss of freedom, and injury to her good name. Several Ports. Sheriff Deputies still harass and ridicule Plaintiff to others, whenever she appears at the Court security gate.
       [*see* **Ex. 4, 5, 7, 9, & 10:** EPO & Warrants for Arrest.]        [*see* **Exhibits 6 & 8:** Magistrate cmplts.]

---

223.    **Fourth Amendment Malicious Prosecution** [under 42 U.S.C. §1983]

Malicious prosecution is a common law "intentional" tort. Its elements include:
- (1) the proceeding was brought **without probable cause**;
- (2) the proceeding was **malicious** (intentional).
- (3) the prosecution was "terminated in the **acquittal** or discharge of the **accrued**."

This federal statute [4th Amendment **malicious prosecution case** under 42 U.S.C. §1983] **allows state** and **local government officials to be sued** for **money damages** when they violate constitutional rights.

---

224.    **Thompson v. Clark**    (U.S. Supreme Court)  April 4, 2022

The U.S. Supreme Court disagreed with the 2nd Circuit Court of Appeals and held that:
a **Fourth Amendment 'malicious prosecution'** case may be brought as long as there is no conviction:

The Supreme Court held that:  "*To demonstrate a favorable termination of a criminal prosecution in order to bring a Fourth Amendment malicious prosecution case*[,]
*a plaintiff need only show that his or her prosecution ended without a conviction*."

+
+  +

*see*  [**Jordan v. Shands** (Supreme Court of Virginia)  April 17, 1998] – **False imprisonment**

---

225.  **Notably, Plaintiff's case also started with false reports to law enforcement by a mentally-ill person!**

226. The state-actor defendants "intentionally and maliciously" instigated and conspired to deprive Plaintiff of her Constitutional rights by falsifying multiple criminal charges against her: "*Speaking a unknown language*," "*Trespassing,*" and "*Violation(s) of Protective Orders.*" State Magistrates and Judges knowingly conspired with Delegate Scott and his client to charge Plaintiff with false crimes and illegally arrest her. However, because the false charges were not legally justified, they were "*dismissed with prejudice.*"  The fact that the malicious charges were "*dismissed with prejudice*" is proof there was no 'probable cause'

227. July 27, 2021--Plaintiff was unlawfully seized, arrested and fingerprinted for the false crime of 'Trespassing.'  Because she was arrested in the Portsmouth Gen. Dist. Court Clerk's Office, she suffered great emotional and mental distress, inconvenience, and loss of enjoyment of life: rise in blood pressure, humiliation, embarrassment, shame, great personal trauma, stress, fear, worry about facing 12 months in jail, loss of freedom, and injury to her good name.  Several Ports. Sheriff Deputies still harass and ridicule Plaintiff to others, whenever she appears at the Court security gate.

[*see* **Jordan v. Shands** (**False Imprisonment**)]    [*see* **Ex. 4, 5, 7, 9, & 10:** EPO & Warrants for Arrest.]
    [*see* **Exhibits 6 & 8:** Magistrate cmplts.]

---

228.    **United States CONSTITUTION** & **Virginia CONSTITUTION (Bill of Rights)**

First (1st ) Amendment
Congress shall make **no law** respecting an establishment of **religion**, or **prohibiting the free exercise thereof**, or **abridging** the **freedom of speech** . . .

---

229. June 22, 2021--State-actor defendants conspired to violate Plaintiff's First Amendment rights to "*free exercise of religion*" and "*freedom of speech*" by falsifying a criminal charge for "*speaking a unknown language as if she was cursing me.*" (that Plaintiff prayed inside her house).
This contrived violation caused a Va. Chief Magistrate to issue a three-day [3-day] 'Emergency Protective Order' (EPO) against Plaintiff.    [*see* **Exhibit 4:** Deft's. Emergency Protec. Order.]

23

However, it is not possible that Holy, Biblical PRAYER can constitute crime in the United States:

*"These signs shall follow them that believe;*
*In My Name … they shall speak with new tongues."*
(Mark 16:17--KJV)

*"… anyone who speaks in a tongue*
*does not speak to people but to GOD."*
(1 Corinthians 14:2--NIV)

230. On June 25, 2021 in Portsmouth Gen. Dist. Court, Ms. Riddick filed 'Petition for Extension of Protective Order' (Prel'im. Protective Odr.), alleging the same illegal charge:
"*speaking an unknown language … as if she's cursing me.*"

231. However, in a July 9, 2021 hearing, that 'Petition' was [d]enied because Ms. Angel asserted her First Amendment, constitutional rights to "*free exercise of religion*" and "*freedom of speech.*" By denying the 'petition,' the Court affirmed that the 'Emergency Protective Order' and 'Petition for Preliminary Protective Order' were violation(s) of the United States Constitution.

[*see* **Exhibit 5:** Denial of 'Prelim. Protec. Odr.']

---

232.　　　　**United States CONSTITUTION** & **Virginia CONSTITUTION (Bill of Rights)**
**Fifth (5th ) Amendment**
No person shall be … nor **be deprived** of **life, liberty,** or **property, without due process of law**; . .

---

233. This section assures that a citizen is entitled to fair treatment through the normal <u>judicial</u> system. Due process means that laws must be applied fairly and equally to all people, especially to a citizen accused of a crime. Due process is a **requirement** that United States **legal matters be resolved according to established rules and principles,** and that individuals be treated fairly **by** federal and **state governments**. Due process applies to both civil and criminal matters. Thus, due process requires that <u>all</u> <u>citizens</u> <u>be</u> <u>treated</u> <u>fairly</u> <u>under</u> <u>the</u> <u>law</u>.

234. The state-actor defendants conspired to "deprive" Plaintiff of her federal and state Constitutional rights to "***due process of the law***" by <u>falsifying</u> <u>criminal</u> charges of "*Speaking a unknown language,*" "*Trespassing,*" and "*Violation(s) of Protective Orders.*" State magistrates and judges knowingly conspired with Delegate Scott and his client to charge Plaintiff with <u>false</u> <u>crimes</u> and illegally arrest her. However, because the false charges were <u>not</u> legally justified, they were "*dismissed with prejudice.*" The fact that the malicious charges were "*dismissed with prejudice*" is proof there was no 'probable cause.'

235. July 27, 2021--Plaintiff was unlawfully seized, arrested and fingerprinted for the false crime of 'Trespassing.' Because she was arrested in the Portsmouth Gen. Dist. Court Clerk's Office, she suffered great emotional and mental distress, inconvenience, and loss of enjoyment of life: rise in blood pressure, humiliation, embarrassment, shame, great personal trauma, stress, fear, worry about facing 12 months in jail, loss of freedom, and injury to her good name. Several Ports. Sheriff Deputies still harass and ridicule Plaintiff to others, whenever she appears at the Court security gate.

[*see* **Ex. 4, 5, 7, 9, & 10:** EPO & Warrants for Arrest.]
[*see* **Exhibits 6 & 8:** Magistrate cmplts.]

> 236.        .    **United States CONSTITUTION** & **Virginia CONSTITUTION (Bill of Rights)**
>
> **Fourteenth (14th ) Amendment**
> … nor shall any state **deprive any person of life, liberty,** or property, **without due process** of law;  **nor deny to any person** within its jurisdiction the **equal protection of the laws.**

237. A federal or state government body must not deprive anyone of liberty without "*due process*" and/or "*equal protection of the laws.*"

238. The state-actor defendants conspired to "deprive" Plaintiff of her federal and state Constitutional liberty and rights to "***due process***" and "***equal protection of the laws***" by falsifying criminal charges of  "*Speaking a unknown language,*" "*Trespassing,*" and "*Violation(s) of Protective Orders.*"  State magistrates and judges knowingly conspired with Delegate Scott and his client to charge Plaintiff with false crimes and illegally arrest her.  However, because the false charges were not legally justified, they were "*dismissed with prejudice.*"  The fact that the malicious charges were "*dismissed with prejudice*" is proof there was no 'probable cause.'

239. July 27, 2021--Plaintiff was unlawfully seized, arrested and fingerprinted for the false crime of 'Trespassing.'  Because she was arrested in the Portsmouth Gen. Dist. Court Clerk's Office, she suffered great emotional and mental distress, inconvenience, and loss of enjoyment of life: rise in blood pressure, humiliation, embarrassment, shame, great personal trauma, stress, fear, worry about facing 12 months in jail, loss of freedom, and injury to her good name.  Several Ports. Sheriff Deputies still harass and ridicule Plaintiff to others, whenever she appears at the Court security gate.

[*see* **Ex. 4, 5, 7, 9, & 10:**  EPO  & Warrants for Arrest.]
[*see* **Exhibits  6 & 8:**  Magistrate cmplts.]

> 240.                **42 U.S. Code § 1983**
> Civil action for **Deprivation of Rights** (under color of law)
>
> **Every person** who, **under color of any statute**, ordinance, regulation, custom, or usage, **of any State** or Territory or the District of Columbia, **subjects, or causes to be subjected, any citizen** of the United States or other person within the jurisdiction thereof **to the deprivation of any rights**, privileges,  or immunities secured **by the Constitution** and laws, **shall be liable to the party injured** in an action at law, …

241. This Section provides an individual the right to sue state government employees and others "under color of state law" for civil and Constitutional rights violations.

242. The state-actor defendants conspired to "deprive" Plaintiff of her federal and state Constitutional rights "***under color of State laws***" by falsifying criminal charges of "*Speaking a unknown language,*" "*Trespassing,*" and "*Violation(s) of Protective Orders.*"  State magistrates and judges knowingly conspired with Delegate Scott and his client to charge Plaintiff with false crimes and illegally arrest her.  However, because the false charges were not legally justified, they were "*dismissed with prejudice.*"  The fact that the malicious charges were "*dismissed with prejudice*" is proof there was no 'probable cause.'

243. July 27, 2021--Plaintiff was unlawfully seized, arrested and fingerprinted for the false crime of 'Trespassing.'  Because she was arrested in the Portsmouth Gen. Dist. Court Clerk's Office, she suffered great emotional and mental distress, inconvenience, and loss of enjoyment of life: rise in blood pressure, humiliation, embarrassment, shame, great personal trauma, stress, fear, worry about facing 12 months in jail, loss of freedom, and injury to her good name.  Several Ports. Sheriff Deputies still harass and ridicule Plaintiff to others, whenever she appears at the Court security gate.

[*see* **Ex. 4, 5, 7, 9, & 10:**  EPO  & Warrants for Arrest.]
[*see* **Exhibits  6 & 8:**  Magistrate cmplts.]

244.

**42 U.S. Code § 1985**
**Conspiracy to Interfere with Civil Rights.**
**(2) Obstructing Justice**

… If two or more persons **conspire for** the **purpose of** impeding , hindering, **obstructing**, or **defeating**, in any manner, the **due course of justice** in any State or Territory, with intent to deny any citizen the **equal protections of the laws**, or to injure him or his property for lawfully enforcing or attempting to enforce, the right of any person, to the equal protection of the laws; … the **party so injured may have an action  for the recovery of damages**  … against any one or more of the conspirators.

245. This criminal statute provides a <u>remedy</u> <u>in</u> <u>damages</u> to anyone who is <u>injured</u> in his person or property or <u>deprived</u> <u>of</u> a <u>federal</u> <u>right</u> or privilege as a result of an act in furtherance of a conspiracy prohibited under any part of Section 1985.

246. The state-actor defendants conspired to "obstruct" Plaintiff's "due course of justice" and disregarded her rights to *"equal protection of the laws"* by <u>falsifying</u> <u>criminal</u> charges of *"Speaking a unknown language*," "*Trespassing,*" and "*Violation*(s) *of Protective Orders*" against her. State magistrates and judges knowingly conspired with Delegate Scott and his client to charge Plaintiff with <u>false</u> <u>crimes</u> and illegally arrest her. However, because the false charges were <u>not</u> legally justified, they were "*dismissed with prejudice*." The fact that the malicious charges were "*dismissed with prejudice*" is proof there was no 'probable cause.'

247. July 27, 2021--Plaintiff was unlawfully seized, arrested and fingerprinted for the false crime of 'Trespassing.' Because she was arrested in the Portsmouth Gen. Dist. Court Clerk's Office, she suffered great emotional and mental distress, inconvenience, and loss of enjoyment of life: rise in blood pressure, humiliation, embarrassment, shame, great personal trauma, stress, fear, worry about facing 12 months in jail, loss of freedom, and injury to her good name. Several Ports. Sheriff Deputies still harass and ridicule Plaintiff to others, whenever she appears at the Court security gate.

[*see* **Ex. 4, 5, 7, 9, & 10:** EPO & Warrants for Arrest.]
[*see* **Exhibits 6 & 8:** Magistrate cmplts.]

248.

**18 U.S. Code § 241**
[criminal] *Conspiracy Against Rights*

**If two** or more persons, **conspire, injure,** oppress, threaten, **or intimidate** any person **in any State** or Territory, Commonwealth, Possession, or District **in the free exercise or enjoyment of any right** or privilege secured to him **by the Constitution or laws of the United States**, or because of his having so exercised the same **… they shall be fined** under this title or **imprisoned** no more than **ten years** or **both**;

249. This statute makes it <u>unlawful</u> for <u>two</u> or <u>more</u> <u>persons</u> <u>to</u> <u>agree to injure</u>, threaten, or intimidate a person in the United States in the "*free exercise or enjoyment*" of any right or privilege secured by the Constitution or laws of the United States or because of his/ her having exercised such a right.

250. The state-actor defendants conspired to "injure and oppress" Plaintiff in the "free exercise" of her Constitutional rights by <u>falsifying</u> <u>criminal</u> charges against her: "*Speaking a unknown language*," "*Trespassing,*" and "*Violation*(s) *of Protective Orders*." State magistrates and judges knowingly conspired with Delegate Scott and his client to charge Plaintiff with <u>false</u> <u>crimes</u> and illegally arrest her. However, because the false charges were <u>not</u> legally justified, they were "*dismissed with prejudice*." The fact that the malicious charges were "*dismissed with prejudice*" is proof there was no 'probable cause.'

26

251. July 27, 2021--Plaintiff was unlawfully seized, arrested and fingerprinted for the false crime of 'Trespassing.' Because she was arrested in the Portsmouth Gen. Dist. Court Clerk's Office, she suffered great emotional and mental distress, inconvenience, and loss of enjoyment of life: rise in blood pressure, humiliation, embarrassment, shame, great personal trauma, stress, fear, worry about facing 12 months in jail, loss of freedom, and injury to her good name. Several Ports. Sheriff Deputies still harass and ridicule Plaintiff to others, whenever she appears at the Court security gate.

[*see* **Ex. 4, 5, 7, 9, & 10:** EPO & Warrants for Arrest.]

[*see* **Exhibits 6 & 8:** Magistrate cmplts.]

252.

**18 U.S. Code § 242**

[criminal] **Deprivation** of Rights **Under Color of Law**

**Whoever, under color of any law,** statute, ordinance, regulation, or custom, **willfully subjects any person** in any State, Territory, Commonwealth, Possession, or District **to the deprivation of any rights**, privileges, or immunities secured or **protected by** the **Constitution** or **laws of the United States,** or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, **shall be fined** under this title **or imprisoned** ...

253. This section makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

254. The state-actor defendants conspired to "willfully deprive" Plaintiff of her Constitutional rights "***under color of State law***" by falsifying charges against her: "*Speaking a unknown language,*" "*Trespassing,*" and "*Violation(s) of Protective Orders.*" State magistrates and judges knowingly conspired with Delegate Scott and his client to charge Plaintiff with false crimes and illegally arrest her. However, because the false charges were not legally justified, they were "*dismissed with prejudice.*" The fact that the malicious charges were "*dismissed with prejudice*" is proof there was no 'probable cause.'

255. July 27, 2021--Plaintiff was unlawfully seized, arrested and fingerprinted. Because she was arrested in the Ports. Gen. Dist. Court Clerk's Office, she suffered great emotional and mental distress, inconvenience, and loss of enjoyment of life: rise in blood pressure, humiliation, embarrassment, shame, great personal trauma, stress, fear, worry about facing up to 12 months in jail, loss of freedom, and injury to her good name. Several Ports. Sheriff Deputies still harass and ridicule Plaintiff to others, whenever she appears at the Court security gate. [*see* **Ex. 4, 5, 7, 9, & 10:** EPO & Warrants for Arrest.]

[*see* **Exhibits 6 & 8:** Magistrate cmplts.]

256. **VA Code § 18.2-461  Falsely Summoning** or **giving false reports to law-enforcement officials**

It shall be unlawful for any person (i) to **knowingly give a false report** as to the **commission of any crime to any law-enforcement official** with **intent to mislead;** . . .

Violation of the provisions of this section shall be punishable as a Class 1 misdemeanor. However, if a person intentionally . . . calls or summons any law-enforcement official against another person **because of** his **race, religious conviction,** . . . the person is guilty of a Class 6 felony.

257. The state-actor defendants conspired and "*knowingly gave false criminal reports to law enforcement officers*" about the Plaintiff. Defendants falsified many criminal charges against her: "*Speaking a unknown language,*" "*Trespassing,*" and "*Violation(s) of Protective Orders.*"

27

State magistrates and judges knowingly conspired with Delegate Scott and his client to charge Plaintiff with <u>false</u> <u>crimes</u> and illegally arrest her. However, because the false charges were <u>not</u> legally justified, they were "*dismissed with prejudice*." The fact that the malicious charges were "*dismissed with prejudice*" is proof there was no 'probable cause.' Moreover, defendants misleadingly summoned law enforcement officers against Pltf. because she "*freely exercised her religion*." Thus, all conspiring state-actors are guilty of Class 6 felonies:

258. July 27, 2021--Plaintiff was unlawfully seized, arrested and fingerprinted for the false crime of 'Trespassing.' Because she was arrested in the Portsmouth Gen. Dist. Court Clerk's Office, she suffered great emotional and mental distress, inconvenience, and loss of enjoyment of life: rise in blood pressure, humiliation, embarrassment, shame, great personal trauma, stress, fear, worry about facing 12 months in jail, loss of freedom, and injury to her good name. Several Ports. Sheriff Deputies still harass and ridicule Plaintiff to others, whenever she appears at the Court security gate.

[*see* **Ex. 4, 5, 7, 9, & 10:** EPO & Warrants for Arrest.]
[*see* **Exhibits 6 & 8:** Magistrate cmplts.]

---

259.                         **Va. Code 18.2-22  Conspiracy to Commit Felony**

If any person shall **conspire**, confederate or combine **with another**, either within or outside the Commonwealth, **to commit a felony** within the Commonwealth, … he shall be guilty of a felony; …

---

260. The state-actor defendants "*conspired within the Commonwealth to commit felonies*" against the Plaintiff. They <u>falsified</u> the following criminal charges: "*Speaking a unknown language*," "*Trespassing,*" and multiple "*Violation*(s) *of Protective Orders.* Moreover, defendants intentionally summoned Commonwealth law-enforcement officers to arrest the law-abiding citizen for false crimes. Thus, all conspiring state-actor defendants are guilty of felonies.

261. July 27, 2021--Plaintiff was unlawfully seized, arrested and fingerprinted for the false crime of 'Trespassing.' Because she was arrested in the Portsmouth Gen. Dist. Court Clerk's Office, she suffered great emotional and mental distress, inconvenience, and loss of enjoyment of life: rise in blood pressure, humiliation, embarrassment, shame, great personal trauma, stress, fear, worry about facing 12 months in jail, loss of freedom, and injury to her good name. Several Ports. Sheriff Deputies still harass and ridicule Plaintiff to others, whenever she appears at the Court security gate.

[*see* **Ex. 4, 5, 7, 9, & 10:** EPO & Warrants for Arrest.]
[*see* **Exhibits 6 & 8:** Magistrate cmplts.]

---

262.                         **VA Code § 18.2-460.  Obstructing Justice;  penalty**

D.    Any person who knowingly and **willfully makes** any **materially false statement** or representation to a law-enforcement officer . . . is guilty of a Class 1 misdemeanor.

---

263. The state-actor defendants conspired and "*willfully made material false statements*" to law-enforcement officers about Plaintiff. They <u>falsified</u> the following criminal charges: "*Speaking a unknown language*," "*Trespassing,*" and multiple "*Violation*(s) *of Protective Orders.* By the foregoing violations, defendants intentionally "*obstructed* the Plaintiff's *justice.*" Thus, all conspiring state-actor defendants are guilty of Class 1 misdemeanors.

264. July 27, 2021--Plaintiff was unlawfully seized, arrested and fingerprinted for the false crime of 'Trespassing.' Because she was arrested in the Portsmouth Gen. Dist. Court Clerk's Office, she suffered great emotional and mental distress, inconvenience, and loss of enjoyment of life: rise in blood pressure, humiliation, embarrassment, shame, great personal trauma, stress, fear, worry about facing 12 months in jail, loss of freedom, and injury to her good name. Several Ports. Sheriff Deputies still harass and ridicule Plaintiff to others, whenever she appears at the Court security gate.

[*see* **Ex. 4, 5, 7, 9, & 10:** EPO & Warrants for Arrest.]
[*see* **Exhibits 6 & 8:** Magistrate cmplts.]

265. **VA Code § 18.2-137  Injuring, etc., any Property:**

A. If any person **unlawfully destroys, defaces, damages,** or **removes** without the intent to steal **any property, real** or **personal,** not his own, …he shall be guilty of a class 3 misdemeanor, …

266. The state-actor defendants conspired with Delegate Scott and his client to "*unlawfully destroy, deface, and damage*" Plaintiff's flower garden. Thus, all conspiring state-actor defendants are guilty of Class 3 misdemeanors:   (*see* FACTS, p. 11 )   [*see* **Exhibit 29:** Landscaping Estimate]

267. April 19, 2020:  while loud talking to her friends, Def. Riddick pulled up flowers in Ms. Angel's left front flower bed.  Plaintiff text the Property Manager (Def. Hines) that she would be filing Court complaints against him & Landlord Philippi.

268. June 10, 2020:  Tenant pulled up numerous flowers from Plaintiff's left and right front flower bed and threw them (with attached dirt) onto Plaintiff's walkway and both flower beds.  Because Plaintiff discovered the destruction at night, she walked in the dirt, tracked it in her home, and soiled her ceramic tile floor and carpet.          Police obtained Testimony:
(11:48 p.m.) Police officer arrived, went next door & spoke w/ Tenant.  He asked if she had pulled up the flowers next door and threw them on the neighbor's property.  Def. Riddick confessed, "*Because* t*hey were on my side.*"

269. **VA Code § 18.2-416  Punishment for Abusive Language to another.**

If **any person** shall, in the presence or hearing of another, **curse or abuse** such **other person,** or **use** any **violent abusive language** to such person concerning himself or any of his relations, or otherwise use such language, under circumstances reasonably calculated **to provoke a breach of the peace,** he shall be guilty of a Class 3 misdemeanor.

270. Defendant Riddick frequently yelled profanity at Plaintiff Angel from inside and outside defendant's condo unit.    (*see* FACTS, pp. 10 - 12 )

[*see* **Exhibit 20:** Pltf's. Affidavit--Threat of False Charges.]

271. Defendant Riddick and her family members (Sister & daughter) frequently "*cussed* at," abused, and "*used violent language*" towards Plaintiff "*to provoke breach of the peace.*"
    (*see* FACTS, pp. 11 – 12, ¶ ¶ 92 (a). & 92 (b.)   [*see* **Exhibit 19:** Witness' (Parker's') account of Harassment.]

272. June 23, 2022--Ms. Riddick entertained a Chief Judge with a video of herself cussing at Plaintiff and her guest (in front of Plaintiff's house).   (*see* FACTS, p. 18, ¶ ¶ 161. & 162. )
Thus, all conspiring state-actor defendants are guilty of Class 3 misdemeanors**.**

273. For three (3) years, the conspiring state-actor defendants have "breached their duty" to Plaintiff. Consequentially, this law-abiding citizen has suffered repeated harassment:  abusive language, violent threats, malicious prosecution, and false arrests.

274.  **Lawyer Malpractice:**
Va. State Bar Professional Guidelines:
Rule 8.4 Misconduct

**Gunter v. Virginia State Bar** (Annotated Case)  385 S.E.2d 597]
Supreme Court of Virginia  Record No. 890473.  November 10, 1989:

"… *a lawyer shall not "[e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation which reflects adversely on a lawyer's fitness to practice law*."

**Attorney / Client Collusion & Liability**

a. The law firms of '**Don Scott Law**, PLLC' (VSB Entity Reg. # 96847) & '**Breight Biniazan**, PC' (VSB Entity Reg.# 80081) practice law in the following areas: civil rights, employment & workforce, personal injury, real estate, family law and/ or criminal justice.

b. Virginia Delegate Scott recently represented Ameka Riddick in her family's 'wrongful death' lawsuit against the City of Portsmouth, Va. (during Sept. 2017 – Sept. 2021).

c. Delegate Scott is aware of Defendant Riddick's emotional, psychological / behavioral health disorders.

d. Delegate Scott is aware of the defendants' business dealings with Charlestowne Condominium Association.

**Via the foregoing Law Firms:**

e. Delegate Scott has participated in legal and illegal decisions regarding Charlestowne Condo unit owners.

f. Delegate Scott influenced State magistrates to charge Plaintiff Angel with false crimes.

g. Delegate Scott influenced (participated in) State-court judicial decisions regarding Plaintiff.

h. Delegate Scott has advised or counseled Defendants not to answer the Plaintiff's calls, texts, or letters regarding Tenant harassment / injury.

i. Delegate Scott has advised or counseled Defendants not to answer Plaintiff's [oral or written] complaints regarding Tenant harassment / injury.

j. Defendants persisted in harming Plaintiff, with the cooperation, assistance, advice, and instruction of Delegate Don Scott.

k. Consequently Delegate Scott advised, advocated, urged and/ or supported the individual defendants and their enterprises in tortious conduct and criminal act(s) against the Plaintiff.

l. Delegate Scott influenced a Portsmouth Police officer (Shelton Gonzales) not to appear in Court to be a witness, although she had been subpoenaed by Plaintiff.

m. Delegate Scott influenced Defendant Landlords not to appear in Court to be witnesses, although they had been subpoenaed by Plaintiff.

n.. Delegate Scott advised defendants not to disclose receiving legal service or assistance concerning the foregoing acts.

o. Via the foresaid law firms, Delegate Scott participated in secondary liability arising from a concerted action.

p. Defendants believe their decisions and actions were justified because they followed the advice of a Virginia 'Courts of Justice' Committee member.

## CONCLUSION

275. WHEREFORE, the [pro se] Plaintiff has told the 'painful truth' and 'harsh reality' of 'political corruption' and [state actor] conspiracy, while this law-abiding citizen <u>continues</u> to receive a barrage of false claims and malicious prosecution(s):

- False Claims.
- Malicious prosecution.
- False imprisonment
- Obstruction of justice.
- Violence
- Curse & abuse.
- Disturbing the peace.
- Property destruction.
- Conspiracy to interfere with civil rights under 'color of law.'
- Civil & criminal deprivation of rights under 'color of law.'
- Plaintiff was stalked & assaulted!    • Shots were fired near my backdoor (1/11/23)!

Clearly the conspiring defendants have abused the justice system by violating the U.S. and Virginia Constitution(s) and federal and state laws.

276. Defendants knew and still know their tenant/ client (Riddick) is dangerous and mentally ill. Her criminal background includes violent charges: • 2003 Brandishing a firearm. • 2003 Assault & Battery.

277. On two (2) occasions (July 17, '20 and Oct. 7, '21), Ms. Riddick threatened to kill Plaintiff and file more false charges.            [*see* **Exhibit 20:** Pltf's. Affidavit--Threat of False Charges.]

278. On Sept. 28, 2021, Ms. Riddick yelled her mental health condition outside, as she cussed at the Plaintiff:        "… *I'm bi-polar and schizophrenic, and they ain't gon' do nothing to me*! …"

279. The disclosure suggests that her mental disorder(s) excuse her illegal conduct, but legally they do not. "*There is no sliding scale for insanity plea*." [Stamper v. Commonwealth … (Va. Sup. Ct. 1985)].

280. Notwithstanding, 'abusing the justice system'--devising criminal infractions, instigating and conspiring with police, magistrates, and judges--is much too sophisticated for her intellect, lack of legal expertise, academic skills, and/or social influence. These factors point to the skilled legal assistance that she boasted and warned of on July 24, 2020:   "*Mr. Don Scott is my lawyer*, . . . !"

281. Ms. Riddick's lawyer and 'partner in crime' is Va. Delegate Don Scott. He abuses his State office to cloak his misconduct and influence of State court officers and law enforcement. Most significantly, Delegate Scott has become a state actor in 'organized crime' via [h]is conspiracy and malicious prosecution.

282. Delegate Scott has positioned himself as an enemy to Plaintiff Angel. Accordingly, she has filed "Courtroom & Court Building Misconduct" complaints (including 6 "Addendums") with the Ports. Sheriff and Circuit Court Chief Judge. Her complaint(s) detail the conspiracy and influence of Delegate Don Scott and how he wields his influence as a weapon against her, to the extent that Judges bow to his influence!            [*see* **Exhibit 3:** [1ˢᵗ] Courtroom & Court Bldg. Misconduct Complaint.]

283. Plaintiff's neighbors are now speaking fear that befriending her may cause the mentally-ill tenant/ client to falsify crimes against them, especially those who have submitted witness affidavits.
[*see* **Exhibit 30:** Pltf's. Affidavit – Harassment of Witness]

284. Even worse, Plaintiff remains <u>emotionally</u> <u>distressed</u> and continues anxiety counseling, due to the Tenant's Oct. 7, 2021 retaliatory threat -- yelling through the wall that she was "*going to blow* [her own] *brains out*" and cause Plaintiff to be "*charged with murder*!" Only GOD Almighty knows if the next door tenant <u>intended</u> the opposite – to "*shoot <u>me</u> through the wall*."
[*see* **Exhibit 21:** Letter from Licensed Counselor.]

285. Def. Riddick's disclosures reveal that she is dangerous and mentally ill. Combined with her criminal acts against Plaintiff, it is obvious that she is a threat to herself and society. Thus, for her own protection and that of society, she should be confined to federal prison with the others.

286. Life-threatening retaliation and imminent physical danger have begun:
- • Sheriff Deputies heinously assaulted and stalked me (in a State Courtroom).
- • Delegate Scott's truant gangsters <u>recently</u> fired shots near my backdoor! (January 11, 2023)
  I reported it to the Police.

287. Assuredly, no 'ex-felon' plans to return to federal prison without a fight (resistance and retaliation). Accordingly, Delegate Scott and his agents [pawns and judicial puppets] are armed and dangerous!

288. Thus, Plaintiff pleads for federal security. The State is being seized!!! State agencies are proving subject to Delegate Scott's conspiracy and influence.

289. The conspiring defendants have "*breached their duty of care*" to the Plaintiff by,
"*... failing to protect her and failing to control*"
Ms. Riddick and Delegate Scott. Rather, they advised, aided, and abetted the partners-in-crime.
[Delk v. Columbia Healthcare ...(Sup. Ct. Va. 2000)];   [Dudley v. Offender Aid ...(Sup. Ct. Va. 1991)].

290. Federal and state law declare, sustain, and render the conduct all of conspiring defendants as <u>evidence</u>:        "*conscious, willful, wanton, and reckless disregard for*
[Plaintiff's]  *rights, as an innocent member of the community.*"

291. The state-actor, instigating Delegate is <u>deliberately</u> <u>violating</u> the very laws he legislates.

292. Consequently, all conspiring defendants are liable for 3 years of <u>continuous</u> harm and injury inflicted upon the Plaintiff. Accordingly, they must be found: liable of civil charges, guilty and convicted of all criminal charges, imprisoned, and ordered to pay damages.

293. Make them public examples to deter political corruption and end this 'reign of terror!'

294. Only the United States Court(s) can end this reign of terror! The Commonwealth cannot adequately protect its citizens or [p]rosecute state actors when the perpetrators are legally justified within its jurisdiction.

295. The U. S. Constitution and American democracy <u>must</u> be preserved! Thus, truth must be told, and justice must be served.

296. Please investigate. My life is at risk: • Sheriff Deputies stalked and assaulted me (in a State Court)!
• On Jan. 11, 2023, Delegate Scott's gangster truants fired shots near my backdoor!!!

---

297.                                    **Thompson v. Clark**
              Supreme Court of the United States       No. 20–659.           (decided April 4, 2022)

"The American **tort-law consensus** as **of 1871 did not require a plaintiff in** a **malicious prosecution suit to show that his prosecution ended with** an **affirmative** indication of **innocence**, and **this Court similarly construes** Thompson's Fourth Amendment claim under §1983 for malicious prosecution.   Doing so is consistent with "the values and purposes" of the Fourth Amendment.     [Manuel, 580 U. S., at 370]."

---

298.                                    **Jordan v. Shands**
              Supreme Court of Virginia:          Record No. 971316.       (decided: April 17, 1998)

We agree with the plaintiff. We have **defined false imprisonment** as "the **direct restraint by one person of the physical liberty of another without** adequate **legal justification**." [W.T. Grant Co. v. Owens, 149 Va. 906, 921, 141 S.E. 860, 865 (1928)]. We have also observed that **"[f]alse imprisonment is a wrong akin to** the wrongs of **assault and battery**, and consists in **imposing by force** or **threats an unlawful restraint upon a man's freedom of locomotion**." [Id. (quoting Gillingham v. Ohio River Ry. Co., 35 W.Va. 588, 14 S.E. 243, 245 (1891)].

299.

> **PRAYER for Relief**

The [pro se] Plaintiff requests this Court to enter judgment against the conspiring defendants (each of them) pursuant to the foregoing violations and claims.  Make her whole:

> ⊕
>
> ⊕      ⊕
>
> I **plead** for **immediate** federal **security** and **protection**!!!  Defendants and their agents are armed and dangerous!  • I have been stalked and assaulted (in State Court).
> • Delegate Scott's gangster truants have fired shots near my backdoor!!!

| | | | |
|---|---|---|---|
| A. | Court Costs. | $ | 402. |
| B. | Printing Cost. | | 500. |
| C. | Compensatory damages (including landscaping & property destruction). | | 3,000. |
| D. | Malicious prosecution;  False arrests;  Obstruction of Justice:<br>[False imprisonment , without probable cause. ] | [$ 2 Million.]  = | 2,000,000. |
| E. | Emotional distress damages:<br>[Mental anguish, humiliation;   Emotional pain & anxiety due to violence.];<br>[Plaintiff is currently undergoing  emotional distress /anxiety counseling] | [$ 2 Million.]  = | 2,000,000. |
| F. | Punitive damages<br>(Intentional, reckless & grossly negligent conduct). | [$ 3 Hundred fifty thousand.] | 350,000. |
| G. | TREBLE damages (under the False Claims Act). | [$ 13 Million, 62 thousand]  = | 13,062,000. |
| H. | Declare a 'court-ordered **freeze'** on [defendants'] corporate and personal **assets**<br>(except for the Commonwealth of Virginia). | | |
| I. | Prosecute defendants pursuant to civil and criminal law. | | |
| J. | Award Plaintiff the defendants' condo unit [1629 Darren Circle] to prevent their future retaliation<br>via another deranged, malicious / vindictive tenant.<br>Presently, that condo unit is in need of significant repair:<br>• Roof needs replacing.  Box vents are missing.  Thus, the attic and ceiling<br>are exposed to weather.  Squirrels have gained access and are inhabiting the attic. | | |
| K. | Cease government funding to Tenant and her caregiver Sister (Jasmine E. Riddick).<br>They should not be paid government funds to constantly violate the law. | | |
| L. | Order Child Protective Services to protect Tenant's teenage son from being psychologically<br>abused  and emotionally  traumatized,  by being  forced  to live  with  a parent  who displays<br>[criminal] and mentally-ill symptoms -- constant erratic behavior and emotional instability. | | |

---

300.  Plaintiff reserves the right to amend this Complaint and Exhibits at any time, up to and inclu- ding the day of trial, whether by order of the Court or pursuant to Supreme Court rules.

301.  Plaintiff also reserves the right to present other evidence, documentary or otherwise as rebuttal, at any time up to and including the day of trial.

302.  Def. Ameka Riddick was recently awarded $ 500,000. in a court settlement with the City of Portsmouth, VA.   On Sept. 20, 2021, that news was broadcast on local TV news stations.

**Affidavit Declaration**

**28 USC § 1746   Unsworn Declarations under Penalty of Perjury**

I swear (affirm) under penalty of perjury that the statements made in this <u>Complaint</u> [Affidavit] are true and correct to the best of my knowledge.

Respectfully  submitted,          this        27th    day of        January    ,   2023.

By

(Pro/se)
Joelle Joy Angel
1631 Darren Circle /   Portsmouth, VA 23701
   (434)  532-2682                                      _√_  Plaintiff        _ _ _   Plaintiffs' Attorney

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Ghostwriting Certificate

I certify that I did not receive help from an attorney (on this earth) in preparing this document,
only *GOD the righteous Judge*.  (Psalm 7:11;  John 7:24)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Certificate of Service

I certify that a copy of the <u>Complaint</u>  [Affidavit] was delivered to the Clerk of Court and served on the United States Attorney and United States:

**United States Attorney's Office**
101 W. Main Street    (# 8000)
Norfolk, VA  23510

**United States Attorney General**
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC  20530-0001

**Copies will be served on the following defendants at the time & <u>discretion</u> of the United States Attorney General:**

**Ameka  D. Riddick**
c/ o    Dawson, PLC
999 Waterside Dr.
Norfolk, VA  23510

**Kim Philippi**
1408 Duck Run Ct.
Virginia Beach, VA  23455

**Chang I. Philippi**
1408 Duck Run Ct.
Virginia Beach, VA  23455

**Alliance Investment & Consulting, LLC**
c/o    Kim Philippi
1408 Duck Run Ct.
Virginia Beach, VA  23455

**Lionel T.  Hines, Sr.**
119 Kings Gate Dr.
Portsmouth, VA  23701
Virginia Beach, VA  23455

**Alliance Property Holdings**
c/o    Chang I. Philippi
1408 Duck Run Ct.

34

**Breit Biniazan, PC**
c/o   Jeffrey. A. Breit
600  22nd Street (Suite 402)
Virginia Beach, Virginia  23451

**Don Scott Law, PLLC**
c/o   Don L. Scott, Jr.
355 Crawford  Street (Suite 704)
Portsmouth, VA  23704

**Don L. Scott, Jr.**
355 Crawford  Street (Suite 704)
Portsmouth, VA  23704

**Ethan C. Griffith**,
Portsmouth Magistrate's Office
700 Port Centre Pkwy.
Portsmouth, VA  23704

**Mandy L. Owens**
Portsmouth Magistrate's Office
700 Port Centre Pkwy.
Portsmouth, VA  23704

**Fanita Y. Pendleton**
Portsmouth Magistrate's Office
700 Port Centre Pkwy.
Portsmouth, VA  23704

**Angela L. Sterling**
Jackson Heart Clinic
970 Lakeland Dr. (Suite 61)
Jackson, MS  39216

**Roxie O. Holder**
Portsmouth General District Court
1345 Court Street
Portsmouth, VA  23704

**Kenneth R. Melvin**
Portsmouth Circuit Court
1345 Court Street
Portsmouth, VA  23704

**Anthony J. Nicolo**
Ferrell, Sayer & Nicolo
355 Crawford  Street (Suite 704)
Portsmouth, VA  23704

**Polly Chong**
Polly Chong Law Office
732-B Thimble Shoals Blvd. (Suite 201)
Newport News, VA  23606

**The City of Portsmouth**
Office of the City Manager
801 Crawford  Street
Portsmouth, Virginia  23704

**The Portsmouth Sheriff's Office**
Office of the Sheriff
1345 Court  Street
Portsmouth, Virginia  23704

**The Commonwealth of Virginia**
Office of the Attorney General
202 N. 9th  Street
Richmond, Virginia  23219

this  ____27th____  day of  ____January____ ,  2023.

By _____
        (Pro se)
      Joelle Joy Angel
      1631 Darren Circle /  Portsmouth, VA 23701
      (434) 532-2682                              __√__  Plaintiff                    Plaintiff's Attorney