UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES ex rel.
JOELLE ANGEL,

              Plaintiff,

   v.                                  ACTION NO. 2:23cv37

DON SCOTT, et al.,

              Defendants.

## MEMORANDUM DISMISSAL ORDER

Joelle Angel, appearing pro se, submitted an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"),[1] along with a proposed Complaint.[2] IFP Appl., ECF No. 1; Compl., ECF No. 1-1. The proposed Complaint identifies the named Plaintiff as "United States ex rel. Joelle Angel,"[3] and characterizes this lawsuit as a qui tam action that asserts claims

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding in forma pauperis. As such, the court will refer to the fee waiver application as an "IFP Application."

[2] In this court, a civil complaint is not considered to be filed until the requisite filing fees are paid, or the court determines that the filing fees should be waived. Until that time, the complaint is considered to be a "proposed" complaint and any motions submitted to the court are considered to be "proposed" motions.

[3] "The term ex rel. is derived from the Latin ex relatione which means 'by or on the relation of.'" Berman v. Arlington Bank, No. 4:12cv2888, 2013 U.S. Dist. LEXIS 24523, at *1 n.1 (N.D. Ohio Feb. 22, 2013). "A suit ex rel. is typically brought by the government upon the application of a private party (called a relator) who is interested in the matter." Id. (citation omitted).

pursuant to the False Claims Act and other laws. Compl. at 1-35. As required, this <u>qui</u> <u>tam</u> action was filed under seal. <u>See</u> 31 U.S.C. § 3730(b)(2).

Shortly after filing this action, Ms. Angel submitted a proposed First Amended Complaint, and the United States filed a proposed "Motion to Terminate United States as a Plaintiff and Unseal the Case" ("Motion to Terminate and Unseal"). First Am. Compl., ECF No. 1-62; Mot. Terminate & Unseal, ECF No. 1-63. Thereafter, Ms. Angel filed a proposed "Motion for 'Extended' Time to Serve Complaint" ("Motion for Extension"), a proposed Motion to Amend, and a proposed Second Amended Complaint. Mot. Extension, ECF No. 1-68; Mot. Amend, ECF No. 1-69; Second Am. Compl., ECF No. 1-70. The court address the merits of these filings below.

## I.    **The IFP Application**

Based on the financial information contained in the IFP Application, the court is satisfied that Ms. Angel qualifies for <u>in forma pauperis</u> status. Accordingly, the IFP Application, ECF No. 1, is **GRANTED**, and the Clerk is **DIRECTED** to file all of the proposed filings submitted in this action.

## II.    **The Court's Statutory Screening Obligation**

When a plaintiff is granted authorization to proceed <u>in forma pauperis</u>, the court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which

2

relief may be granted.  See 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").  In determining whether a complaint states a claim under § 1915(e)(2), courts utilize "the familiar standard for a motion to dismiss" under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Sweet v. N. Neck Reg'l Jail, 857 F. Supp. 2d 595, 596 (E.D. Va. 2012) (citation omitted).  To survive a challenge under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard.  Id.  Instead, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Further, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.  If, upon review, the court determines that the operative complaint fails to state a claim on which relief may be granted, the court is required to dismiss the action.  28 U.S.C. § 1915(e)(2).

### III. **The Operative Complaint**

As noted above, Ms. Angel submitted a proposed Complaint with her IFP Application, later filed a First Amended Complaint, and then filed a Motion to Amend, which seeks authorization to file a Second Amended Complaint. See supra pp. 1-2. In deference to Ms. Angel's pro se status, the court will authorize the filing of the Second Amended Complaint. Accordingly, Ms. Angel's Motion to Amend is **GRANTED**, and the Second Amended Complaint will serve as the operative complaint in this action.[4]

The Second Amended Complaint, like the prior complaints, is characterized as a qui tam action and identifies the named Plaintiff as "United States ex rel. Joelle Angel." Second Am. Compl. at 1. However, the factual allegations of the Second Amended Complaint primarily focus on Ms. Angel's years-long dispute with her neighbor, Ameka Riddick. Id. at 1-38. According to the allegations, Ms. Riddick has subjected Ms. Angel to abuse, threats of violence, false criminal charges, and other wrongful conduct. Id. Although Ms. Angel reported Ms. Riddick's conduct to the "property manager and landlords, and even sought state court injunctions," Ms. Riddick "persists in injuring [Ms. Angel] and abusing the justice system." Id. at 1.

---

[4] Because the Second Amended Complaint will serve as the operative complaint in this action, the United States' Motion to Terminate and Unseal, which seeks relief as to a previously filed complaint, is **DISMISSED as moot.**

Both Ms. Angel and Ms. Riddick have petitioned the state courts for protective orders against each other, and police officers have been called to intervene in Ms. Angel and Ms. Riddick's personal disputes on several occasions. Id. at 10-15. During certain state court proceedings, Ms. Riddick was represented by Don Scott, an attorney who also serves as a member of the Virginia House of Delegates. Id. at 3-4, 12-13. The Second Amended Complaint alleges that Don Scott conspired with Ms. Riddick, the property manager and owner of the condominium units, the current and former landlords of the condominium units, the police officers who responded to calls from Ms. Angel and/or Ms. Riddick, and all of the state court magistrates and judges who were involved in legal proceedings involving Ms. Angel and Ms. Riddick, in an attempt to violate Ms. Angel's rights. Id. at 2-10.

The following individuals and entities are named as Defendants in the Second Amended Complaint: (i) Ms. Riddick;[5] (ii) Lionel T. Hines, Sr., the acting property manager of Ms. Angel and Ms. Riddick's condominium units; (iii) Kim Philippi, Ms. Riddick's former landlord; (iv) Alliance Investment & Consulting, LLC, Ms. Riddick's former landlord; (v) Chang Philippi, Ms.

---

[5] The Second Amended Complaint identifies "Ameka Riddick & Family" as a named Defendant. Second Am. Compl. at 1. However, there is no information regarding the specific family members of Ms. Riddick against whom claims are asserted. The court will not consider any unspecified family members to be Defendants in this action.

Riddick's current landlord; (vi) Alliance Property Holdings, the owner of Ms. Riddick's condominium unit; (vii) Don Scott; (viii) Don Scott Law, PLLC; (ix) Breit Biniazan, PC, the law firm that currently employs Don Scott; (x) Mandy L. Owens, a state court magistrate; (xi) Angela L. Sterling, a state court magistrate; (xii) Fanita Y. Pendleton, a state court magistrate; (xiii) Ethan C. Griffith, a state court magistrate; (xiv) Anthony J. Nicolo, a state court substitute judge; (xv) Kenneth R. Melvin, a state circuit court judge; (xvi) Roxie O. Holder, a state general district court judge; (xvii) Polly Chong, a state court substitute judge; (xviii) the City of Portsmouth; (xix) the Portsmouth Sheriff's Office; and (xx) the Commonwealth of Virginia. Id. at 1-3.

The Second Amended Complaint asserts claims against these Defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 2333, the False Claims Act, and sections 18.2-22, 18.2-461, 18.2-460, 18.2-137, and 18.2-416 of the Virginia Code. Id. at 1, 22-31. As relief, the Second Amended Complaint seeks over $13 million in damages, a "court-ordered freeze" on Defendants' "corporate and personal assets," the "[p]rosecut[ion]" of Defendants "pursuant to civil and criminal law," ownership of the condominium unit, the cessation of any "government funding" to Ms. Riddick and her sister, and an Order from "Child Protective Services" that would "protect [Ms.

6

Riddick's] teenage son from being psychologically abused and emotionally traumatized, by being forced to live with a parent who displays [criminal] and mentally-ill symptoms[,] constant violen[t] behavior and emotional instability." Id. at 36 (fourth alteration in original) (emphasis omitted).

### IV. The Court's Statutory Screening Obligation

As noted above, the court is obligated to review all complaints filed by litigants who are proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also supra Part II. If, upon review, the court determines that the operative complaint fails to state a claim on which relief may be granted, the court is required to dismiss the action. 28 U.S.C. § 1915(e)(2).

### A. Ms. Angel Cannot Bring a Qui Tam Action on a Pro Se Basis

Ms. Angel brings this lawsuit as a qui tam action and identifies the named Plaintiff as "United States ex rel. Joelle Angel." Second Am. Compl. at 1. "When a relator files a qui tam suit, the action is deemed to be brought 'for the person and for the United States Government.'" Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 243 (4th Cir. 2020) (quoting 31 U.S.C. § 3730(b)(1)). When a qui tam action is filed, the government is given an opportunity to review the materials and decide whether or not to intervene in the matter. See 31 U.S.C. § 3730(b). Typically, when the government declines to intervene in a qui tam action, the person who initiated the action has the right to move forward with the

lawsuit.   See 31 U.S.C. § 3730(c)(3).   However, as the United States Court of Appeals for the Fourth Circuit has explained, qui tam actions cannot be litigated by pro se parties.   See Wojcicki, 947 F.3d at 243-46; see also United States ex rel. Brooks v. Lockheed Martin Corp., 237 F. App'x 802, 803 (4th Cir. 2007); Riley v. Fid. Info. Servs., No. 3:15cv2331, 2015 U.S. Dist. LEXIS 124356, at *12 (D.S.C. June 18, 2015).

The United States chose not to intervene in the instant action, and Ms. Angel, who is not a licensed attorney, cannot proceed with this qui tam action on a pro se basis.   See Mem. Supp. Mot. Terminate & Unseal at 3 n.1 (stating that the United States "has not intervened in this case"); see also Wojcicki, 947 F.3d at 243-46; United States ex rel. Brooks, 237 F. App'x at 803. For this reason alone, the court finds that this action must be dismissed.

**B.   The Second Amended Complaint Fails to State Any Plausible Claims for Relief**

Even if the pro se representation issue discussed above did not bar this action, or if the court were to consider this lawsuit as one brought by Ms. Angel on her own behalf, the court finds, for the reasons set forth below, that dismissal of this action would be warranted on alternate grounds.

1.    **Claims Brought Pursuant to Federal and State Criminal Statutes**

As summarized above, the Second Amended Complaint asserts claims against Defendants pursuant to three federal criminal statutes, i.e., 18 U.S.C. §§ 241, 242, and 2333, and five state criminal statutes, i.e., Virginia Code §§ 18.2-22, 18.2-137, 18.2-416, 18.2-460, and 18.2-461. Second Am. Compl. at 1, 22-31. As this court has explained, "'[u]nless there is a clear [legislative] intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute.' A 'bare criminal statute' provides for no express civil remedy." <u>Brown v. Clements</u>, No. 3:15cv104, 2015 U.S. Dist. LEXIS 127806, at *27 (E.D. Va. Sept. 23, 2015) (second alteration in original) (citations omitted).

Here, with the exception of 18 U.S.C. § 2333, a terrorism-related statute, all of the federal and state statutes referenced in the Second Amended Complaint are bare criminal statutes that do not provide for private causes of action. <u>See</u> <u>id.</u> (finding that section 18.2-416 of the Virginia Code is a "bare criminal statute" that "does not create a private right of action"); <u>Fiorani v. Virginia</u>, No. 3:14cv216, 2014 U.S. Dist. LEXIS 44920, at *7-8 (E.D. Va. Apr. 1, 2014) (finding that section 18.2-22 of the Virginia Code "does not contain a private right of action"); <u>Walsh v. Logothetis</u>, No. 3:13cv401, 2014 U.S. Dist. LEXIS 7352, at *31-32

9

(E.D. Va. Jan. 21, 2014) (explaining that 18 U.S.C. §§ 241 and 242 do not provide for private causes of action); <u>Young v. City of Norfolk</u>, 62 Va. Cir. 307, 315 (Norfolk 2003) (explaining that sections 18.2-460 and 18.2-461 of the Virginia Code "do not expressly provide for private rights of action," and finding no authority to suggest that "rights of action exist under these statutes"); <u>see also</u> Va. Code Ann. §§ 18.2-22, 18.2-137, 18.2-416, 18.2-460, 18.2-461. Therefore, the court finds that the Second Amended Complaint does not state a plausible claim for relief against any named Defendant pursuant to these federal and state criminal statutes.[6]

With respect to 18 U.S.C. § 2333, the terrorism-related statute, the court finds that this statute is entirely inapplicable to the facts alleged in the Second Amended Complaint.[7] <u>See</u> 18 U.S.C. § 2333; <u>see also</u> Second Am. Compl. at 1-38. Thus, the court further finds that the Second Amended Complaint fails to

---

[6] Additionally, the court notes that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973). Therefore, if Ms. Angel intended this lawsuit to serve as a request for the criminal prosecution of any named Defendant, such request would necessarily fail.

[7] Section 2333 provides, in relevant part:
Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism . . . may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.
18 U.S.C. § 2333(a).

state a plausible claim for relief against any Defendant pursuant to this statute.

### 2.    The False Claims Act Claim

The False Claims Act seeks "to combat fraud perpetrated against the United States." Rahmi v. Jackson Kelly Atty's at Law, No. 3:13cv132, 2014 U.S. Dist. LEXIS 39174, at *11-12 (N.D. W. Va. Mar. 25, 2014).  To achieve this goal, the Act "imposes civil liability on any person who 'knowingly presents, or causes to be presented, to [the United States government] a false or fraudulent claim for payment or approval' or 'knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.'"[8]  Id. (alteration in original) (citations omitted).

---

[8] The False Claims Act defines the term "claim" as:
any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that—
  (i) is presented to an officer, employee, or agent of the United States; or
  (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government—
    (I) provides or has provided any portion of the money or property requested or demanded; or
    (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.
31 U.S.C. § 3729(b)(2).

Upon review, the court finds that the factual allegations of the Second Amended Complaint fall far short of stating a plausible claim for relief against any named Defendant under the False Claims Act.[9] See Second Am. Compl. at 1-38; see also Rahmi, 2014 U.S. Dist. LEXIS 39174, at *11-12.

### 3.    Claims Brought Pursuant to 42 U.S.C. § 1983

Section 1983 does not itself create substantive rights, "but merely provides a method for vindicating federal rights elsewhere conferred." Brown v. Mitchell, 308 F. Supp. 2d 682, 692 (E.D. Va. 2004). To state a § 1983 violation, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see Briggs v. Waters, 455 F. Supp. 2d 508, 518 (E.D. Va. 2006); see also 42 U.S.C. § 1983.

In the Second Amended Complaint, it is alleged that Defendants violated Ms. Angel's rights under the First, Fourth, Fifth, and

---

[9] The court notes that the Second Amended Complaint also contains a reference to the Virginia Fraud Against Taxpayers Act. Second Am. Compl. at 22. To the extent that this reference was intended to serve as a separate claim against Defendants under this Act, the court finds that such claim would also fail. See Commonwealth ex rel. Hunter Labs., LLC v. Quest Diagnostics, Inc., 95 Va. Cir. 323, 326 (Fairfax Cnty. 2017) (noting that the Virginia Fraud Against Taxpayers Act "is based on the [False Claims Act] and mirrors its provisions," and finding that "[False Claims Act] cases provide useful guidance" when interpreting the provisions of the Virginia Fraud Against Taxpayers Act).

Fourteenth Amendments to the United States Constitution. Second Am. Compl. at 1, 23-27. Upon review, however, the court finds that the Second Amended Complaint fails to plausibly allege a violation of any of these rights. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Additionally, the court finds that the § 1983 claims fail as to several of the named Defendants for alternative reasons, which the court addresses below.

a. **The Judicial Defendants**

It is a well-settled principle that judges and magistrates are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (explaining that "[m]agistrates are judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges"). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" Lesane v. Spencer, No. 3:09cv012, 2009 U.S. Dist. LEXIS 114247, at *6 (E.D. Va. Dec. 8, 2009) (citations omitted). A judge is entitled to immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority." Stump, 435 U.S. at 356. Only two exceptions apply to judicial immunity: (1) nonjudicial

actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (citation omitted).

Here, the court finds that the alleged actions of the various state court judges and magistrates, as set forth in the Second Amended Complaint, constituted judicial acts involving matters over which these individuals had jurisdiction. See Second Am. Compl. at 1-38. Thus, the court further finds that the § 1983 claims, as asserted against the state court judges and magistrates, are barred by the doctrine of absolute judicial immunity.

### b.   The Portsmouth Sheriff's Office

As courts have explained, sheriff's offices and police departments are not "persons amenable to suit under § 1983." Barksdale v. Piedmont Reg'l Jail, No. 3:15cv201, 2015 U.S. Dist. LEXIS 152636, at *5 (E.D. Va. Nov. 10, 2015) (noting that "[n]either inanimate objects such as buildings, facilities, and grounds nor collective terms such as staff or agency, are persons amenable to suit under § 1983"); see Day v. Walker, No. 3:21cv406, 2022 U.S. Dist. LEXIS 21840, at *11 (E.D. Va. Feb. 7, 2022) (finding that the Henrico County Sheriff's Office is not a person under § 1983); United States v. Woody, No. 3:16cv127, 2016 U.S. Dist. LEXIS 58374, at *6 (E.D. Va. Apr. 29, 2016) (dismissing the Richmond City Sheriff's Office because it is "not a legal entity with the capacity to be sued"). Accordingly, the court finds that

14

the Second Amended Complaint fails to state a plausible § 1983 claim against the Portsmouth Sheriff's Office.

### c.    The City of Portsmouth

Municipalities are considered "persons" for purposes of § 1983, and may be held liable under § 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Moody v. City of Newport News, 93 F. Supp. 3d 516, 529 (2015) (citations omitted). However, "under § 1983[,] local governments are responsible only for 'their own illegal acts,'" and "are not vicariously liable under § 1983 for their employees." Id. (citations omitted). To impose liability on a municipality under § 1983, a plaintiff must show that the municipality deprived the plaintiff "of a constitutional right 'through an official policy or custom.'" Id. (citations omitted); see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (explaining that liability may be imposed on a local government under § 1983 when the "government's policy or custom . . . inflicts the injury").

Upon review, the court finds that the Second Amended Complaint fails to allege facts sufficient to show that any representative of the City of Portsmouth acted pursuant to an official policy or custom that deprived Ms. Angel of a constitutional right. See Second Am. Compl. at 1-22; see also Monell, 436 U.S. at 694. Thus, the court further finds that the Second Amended Complaint fails to

15

state a plausible § 1983 claim under <u>Monell</u> against the City of Portsmouth.

### d.    The Private Party Defendants

As explained above, § 1983 protects against certain conduct by a person acting under color of state law.  42 U.S.C. § 1983; <u>see</u> <u>Briggs</u>, 455 F. Supp. 2d at 518.  The conduct necessary to implicate § 1983 "must be 'fairly attributable to the State.'  The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." <u>DeBauche v. Trani</u>, 191 F.3d 499, 506 (4th Cir. 1999) (citations omitted).

Although a private person may be considered to act under color of state law if he or she is a "willful participant[] in joint activity with state officials," a plaintiff seeking to allege such joint activity must plead "more than a naked assertion of conspiracy between a state actor and private parties." <u>Worthington v. Palmer</u>, No. 3:15cv410, 2015 U.S. Dist. LEXIS 159441, at *15 (E.D. Va. Nov. 24, 2015).  The plaintiff "must plausibly allege that [the] [d]efendants acted jointly in concert, and that some overt act was done in furtherance of the conspiracy that resulted in the plaintiff's deprivation of some constitutional right." <u>Id.</u>

16

Several of the named Defendants in the instant action are not state actors; however, it is alleged that all of the non-state actors conspired with Don Scott, a member of the Virginia House of Delegates, to violate Ms. Angel's rights. Second Am. Compl. at 1-38.

Upon review of the conspiracy-related allegations asserted in the Second Amended Complaint, the court finds them to be speculative, conclusory, factually unsupported, and nothing more than "naked assertion[s] of conspiracy" that are insufficient to allow the court to consider the non-state actor Defendants to be state actors. Id.; Worthington, 2015 U.S. Dist. LEXIS 159441, at *15.

### 4.   Claims Brought Pursuant to 42 U.S.C. § 1985

The Second Amended Complaint asserts a conspiracy claim against all Defendants pursuant to § 1985(2). Second Am. Compl. at 1, 27-28. The statute provides, in relevant part:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
>
> . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(2)-(3).

17

Section 1985 claims require a showing that "two or more persons" have "conspire[d] to interfere with an individual's civil rights." Davis v. Hudgins, 896 F. Supp. 561, 570 (E.D. Va. 1995). With respect to the "conspiracy" element of a § 1985 claim, a plaintiff "must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." Id. at 571 (quoting Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995)). This requirement has been described as a "high threshold" that if often difficult for plaintiffs to reach. Id.; (dismissing a claim under § 1985(2) after finding that the plaintiff made only "general conclusory allegations" of a "conspir[acy] to interfere with state court proceedings" an "failed to provide specific evidence of such a conspiracy"); see Simmons, 47 F.3d at 1377 (explaining that the United States Court of Appeals for the Fourth Circuit rejects § 1985 claims "whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts"); Rice v. Scholastic Book Fairs, Inc., 579 F. Supp. 3d 786, 799 (E.D. Va. 2022) (dismissing a plaintiff's § 1985 claim after determining that the factual allegations "d[id] not contain sufficient specificity under the exceptionally high pleading standard of 42 U.S.C. § 1985").

Here, the court finds that the conspiracy-related allegations asserted in the Second Amended Complaint are conclusory in nature and lack "sufficient specificity under the exceptionally high

18

pleading standard of 42 U.S.C. § 1985." Rice, 579 F. Supp. 3d
at 799; see Simmons, 47 F.3d at 1377; Davis, 896 F. Supp.
at 570-71; see also Second Am. Compl. at 1-38.  Therefore, the
court further finds that the Second Amended Complaint fails to
state a § 1985 claim against any Defendant upon which relief may
be granted.

### C.   Dismissal Under § 1915(e)(2) with Prejudice

Because the court finds that the Second Amended Complaint
fails to state any plausible claims for relief against Defendants,
the court is obligated to dismiss this action pursuant to 28 U.S.C.
§ 1915(e)(2).[10]  When a district court dismisses an action pursuant
to 28 U.S.C. § 1915(e)(2), and "the district court already afforded
[the plaintiff] an opportunity to amend," the Fourth Circuit has
explained that "the district court has the discretion to afford
[the plaintiff] another opportunity to amend[,] or [it] can
'dismiss the complaint with prejudice.'"  Smith v. Forrester,
No. 4:18cv3317, 2019 U.S. Dist. LEXIS 35042, at *5 (D.S.C. Feb. 6,
2019) (quoting Workman v. Morrison Healthcare, 724 F. App'x 280

---

[10] As noted above, this lawsuit was filed as a qui tam action,
and as a result, was placed under seal, in its entirety, pursuant
to 31 U.S.C. § 3730(b).  The court finds that this is not a proper
qui tam action and that there is no basis to keep this action fully
sealed.   Only the IFP Application, which contains personal
information regarding Ms. Angel's financial circumstances,
warrants sealing.  Accordingly, the Clerk is **DIRECTED** to maintain
the IFP Application under seal, but unseal all other aspects of
this case.

(4th Cir. 2018)) (recommending the dismissal of a <u>pro</u> <u>se</u> action
under 28 U.S.C. § 1915 with prejudice after the plaintiff, despite
receiving an opportunity to amend, failed to state a claim upon
which relief could be granted), <u>adopted by</u> 2019 U.S. Dist. LEXIS
33852 (D.S.C. Mar. 4, 2019); <u>see</u> <u>Gooden v. U.S. Navy/U.S. Marine</u>
<u>Corps</u>, 791 F. App'x 411, 411 (4th Cir. 2020) (affirming the
district court's dismissal of a <u>pro</u> <u>se</u> action with prejudice
pursuant to 28 U.S.C. § 1915(e)(2)).

Here, Ms. Angel has already filed an initial Complaint, an
Amended Complaint, and a Second Amended Complaint.[11]  Despite these
amendment opportunities, the court finds that the operative
complaint fails to state any plausible claims for relief against
the named Defendants.  The court further finds that it would be
futile to provide any additional amendment opportunities.
Accordingly, the court hereby exercises its discretion to **DISMISS**
this action pursuant to 28 U.S.C. § 1915(e)(2) with prejudice.[12]

---

[11] Additionally, the court notes that the Second Amended
Complaint filed in the instant action is nearly identical to a
complaint filed by Ms. Angel in a previous lawsuit in this court,
<u>Angel v. Riddick</u>, No. 2:21cv554 ("<u>Angel I</u>").  <u>See</u> Third Am. Compl.,
<u>Angel I</u>, No. 2:21cv554 (E.D. Va. Jan. 30, 2023), ECF No. 28.  In
a Dismissal Order entered in <u>Angel I</u> on October 3, 2023, the court
determined that it was obligated to dismiss <u>Angel I</u> in its
entirety, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2).
Dismissal Order at 1-21, <u>Angel I</u>, No. 2:21cv554 (E.D. Va. Oct. 3,
2023), ECF No. 29.
[12] As noted above, Ms. Angel also filed a Motion for Extension
in this action.  In her motion, Ms. Angel asks the court to "order"
that the Second Amended Complaint be served within sixty days.
Mot. Extension at 1.  Because the court finds, for the reasons set

## V.    Conclusion

For the reasons set forth above, the IFP Application is **GRANTED**; the Clerk is **DIRECTED** to file all of the proposed filings submitted in this action; Ms. Angel's Motion to Amend is **GRANTED**; the United States' Motion to Terminate and Unseal, is **DISMISSED as moot**; Ms. Angel's Motion for Extension is **DISMISSED as moot**; and this civil action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2).    The Clerk is **DIRECTED** to maintain the IFP Application under seal, but unseal all other aspects of this case.

Ms. Angel may appeal this Memorandum Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.    The written notice must be received by the Clerk within thirty days of the date of entry of this Memorandum Dismissal Order.

In addition to the instructions set forth above, the Clerk is **DIRECTED** to send a copy of this Memorandum Dismissal Order to Ms. Angel and counsel for the United States.

IT IS SO **ORDERED**.

October  6  , 2023

_/s/_
Rebecca Beach Smith
Senior United States District Judge

---

forth herein, that it is obligated to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2), Ms. Angel's Motion for Extension is **DISMISSED as moot**.